OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, a developer, contracted with defendant Blitman Construction Corporation to construct a cooperative apartment complex in Brooklyn. Physical construction of the complex was substantially completed in April 1972.
Four years later, in 1976, plaintiff, Blitman and the building’s shareholders entered into an agreement to transfer management control to the tenants. Under the terms of the agreement, the Statute of Limitations governing plaintiff’s claims against Blitman, which would have expired in April 1978, was extended so as to commence upon final payment to Blitman from an escrow account. The escrow payment was contingent on final approval from the Division of Housing and Community Renewal.
In 1981, five years after the contract was signed, plaintiff commenced the present action against Blitman and its surety, Traveler’s Indemnity Company, alleging breach of the construction contract. As the original Statute of Limitations would have expired in 1978, plaintiff’s action was untimely unless the agreement validly extended the limitations period. Plaintiff does not argue that the limitations period was extended to 1985 — six years from the final payment from the escrow account — as specified in the parties’ contract. Rather, plaintiff would read General Obligations Law § 17-103 as extending the applicable limitations period to six years from the date of the agreement, in this case 1982, regardless of the actual terms of the agreement. We agree with Supreme Court and the Appellate Division that the extension agreement is void and unenforceable.
General Obligations Law § 17-103 (1) provides that a promise to extend the Statute of Limitations is effective "according to its terms, to prevent interposition of the defense of the statute of limitation[s] in an action or proceeding commenced within the time that would be applicable if the cause of action had arisen at the date of the promise, or within such shorter time as may be provided in the promise”. (Emphasis supplied.) As the present agreement purported to extend the limitations *780 period to an indefinite date in the future in contravention of the six-year maximum provided by the statute, it cannot be enforced "according to its terms.”
Plaintiff urges us to rewrite the agreement so that, instead of the explicit but unlawful extension of six years from final payment, the contract would extend the limitations period only for a lawful six years from the date of the agreement. This we cannot do. Such a construction would require courts to ignore the legislative direction that a promise to extend the Statute of Limitations be enforced "according to its terms,” and either to speculate on the parties’ intent as to the length of the extension they would have desired or to impose a blanket six-year extension irrespective of their intent.
In proposing the legislation that became General Obligations Law § 17-103, the Law Revision Commission noted that extensions "should not be indefinite and subject merely to tests of reasonableness, and that the parties should not be permitted to create periods between themselves in excess of the periods set by the Legislature.” (1961 Report of NY Law Rev Commn, reprinted in 1961 McKinney’s Session Laws of NY, at 1869, 1872.) Plaintiff’s reading of General Obligations Law § 17-103 would ignore the objectives in enacting that statute and again place courts in the position of construing loosely drafted extensions. Given the intent behind General Obligations Law § 17-103 as well as the public policy concerns related to the Statute of Limitations and agreements to extend it, an agreement that cannot be enforced "according to its terms” is ineffective to extend the limitations period.
Finally, we agree with the Appellate Division that plaintiff’s equitable estoppel claim is without merit (see, State of New York Higher Educ. Servs. Corp. v Zamore, 59 NY2d 933).
Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Wachtler taking no part.
Order affirmed, with costs, in a memorandum.