EDWARD J. SPIRES, Respondent, v VASILIKI MIHOU, Defendant. PAUL CONSTANDINOU, Appellant. [711 NYS2d 87] —Order insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Paul Constandinou appeals from that part of an order denying his motion to vacate a judgment by confession granted in favor of plaintiff upon the affidavit of defendant. Plaintiff's judgment resulted from legal services rendered to defendant in connection with her divorce from Constandinou. Constandinou obtained a money judgment against defendant in the divorce proceeding, but plaintiff's judgment relegated Constandinou to the status of a junior creditor.

We reject the contention of Constandinou that the affidavit in confession of judgment is facially insufficient. A judgment by confession may be entered upon an affidavit executed by a defendant in favor of a plaintiff "stating concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due" (CPLR 3218 [a] [2]). The affidavit is sufficient if it adequately sets out the facts giving rise to the underlying debt (*see, Giryluk v Giryluk,* 30 AD2d 22, 25, *affd* 23 NY2d 894). Here, defendant's affidavit adequately states the nature, extent, duration and cost of the legal services rendered by plaintiff that gave rise to the judgment at issue.

Constandinou has failed to raise an issue of fact whether plaintiff's judgment should be vacated as contrary to public policy because it is premised upon fees for the allegedly unlawful practice of law in Canada. While the record contains a reference by plaintiff to one occasion when he accompanied defendant to an Ontario court as her "friend", his itemized bill contains no charges for that appearance or date, and the record does not otherwise indicate that plaintiff's services were "rendered in a foreign jurisdiction" (*El Gemayel v Seaman,* 72 NY2d 701, 707).

We conclude, however, that Constandinou has presented suf-

ficient evidence to raise an issue of fact whether the judgment by confession was the result of collusion. We therefore reverse the judgment insofar as appealed from and remit the matter to Supreme Court for a hearing to determine the validity of the judgment by confession. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Vacate Judgment.) Present— Pigott, Jr., P. J., Pine, Hurlbutt and Lawton, JJ.