■ GILLIAN M. SENF, as Administratrix of the Estate of NORMAN J. SENF, Deceased, Respondent, v GLENN F. STAUBITZ et al., Respondents, and TOWN OF AMHERST, Appellant. [782 NYS2d 488]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 1, 2003. The order granted plaintiff's motion for leave to renew, vacated in part the order entered December 14, 1995, and reinstated the complaint and cross claims against defendant Town of Amherst.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the first ordering paragraph of the order entered December 14, 1995 is reinstated.

Memorandum: Defendant Town of Amherst (Town) appeals from an order granting the motion of plaintiff for leave to renew her opposition to a prior motion of the Town for summary judgment dismissing the complaint and all cross claims against it and, upon renewal, vacating that part of the prior order granting the motion of the Town and reinstating the complaint and all cross claims against it. Supreme Court (Thomas P. Flaherty, J.) previously granted the Town's motion, agreeing with the Town that it "had no legal duty to install sidewalks as the highway in question was owned and maintained by [defendant] County," and this Court affirmed the order that, inter alia, granted the Town's motion (*Senf v Staubitz*, 231 AD2d 975 [1996], *lv denied* 89 NY2d 806 [1997]). " 'Our prior decision in [a] case is the law of the case until modified or reversed by a higher court, and the trial court is bound by our decision' " (*Rohring v City of Niagara Falls*, 185 AD2d 685, 685 [1992], *lv denied* 82 NY2d 662 [1993]). Supreme Court (John A. Michalek, J.) therefore erred in granting plaintiff's motion for leave to renew (*see id.*). In any event, even assuming, arguendo, that no appeal had been taken from the prior order, we would nevertheless conclude on the merits that the deposition testimony submitted by plaintiff in support of the motion for leave to renew would not warrant denial of the Town's motion. In light of our determination, it is unnecessary to reach the remaining contentions raised on appeal. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.