■ Edward J. Spires, Appellant, v Vasiliki Mihou, Defendant. Paul Constandinou, Respondent. [787 NYS2d 546]—

Appeal from that part of an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered March 18, 2004 that, upon reargument, adhered to a prior decision granting the motion of Paul Constandinou to vacate a judgment by confession entered in plaintiff's favor.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion to vacate is denied and the judgment entered May 24, 1996 is reinstated.

Memorandum: Plaintiff appeals from an order granting his motion for leave to reargue and, upon reargument, adhering to the prior decision granting the motion of Paul Constandinou, a junior creditor, to vacate a judgment by confession granted in favor of plaintiff upon the affidavit of defendant. In support of his motion, Constandinou contended that plaintiff and defendant agreed to the judgment with the intent to defraud him. We agree with plaintiff that Supreme Court was barred from determining that defendant's affidavit in confession of judgment was inadequate. We determined in a prior appeal that the affidavit was adequate (*Spires v Mihou*, 273 AD2d 844 [2000]), and that determination became the law of the case and thus was binding on the court (*see Rohring v City of Niagara Falls*, 185 AD2d 685 [1992], *lv denied* 82 NY2d 662 [1993]; *see also Senf v Staubitz*, 11 AD3d 997 [2004]). Furthermore, we conclude that the court, upon reargument, erred in adhering to its decision granting Constandinou's motion to vacate the judgment by confession. Contrary to the contention of Constandinou, he failed to establish by clear and convincing evidence any fraud or collusion between plaintiff and defendant with respect to the judgment by confession (*see Marine Midland Bank v Murkoff*, 120 AD2d 122, 126 [1986], *appeal dismissed* 69 NY2d 875 [1987]; *see also Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177 [2004]; *see generally* Debtor and Creditor Law § 276). We agree with Constandinou that fraudulent intent is rarely established by direct proof, but we nevertheless conclude that there are insufficient "badges of fraud" in this case from which such intent may be inferred (*see generally Matter of Shelly v Doe*, 249 AD2d 756, 758 [1998]). Although the evidence reflected that plaintiff may have overbilled defendant for legal services, there was no evidence that defendant and plaintiff

agreed that defendant would not pay plaintiff, that plaintiff would never execute on the judgment or would delay in doing so, or that plaintiff was not a bona fide creditor. Indeed, since securing the judgment by confession, plaintiff has satisfied over one third of the judgment by executing it against defendant's real property, motor vehicle, and income. The fact that plaintiff filed his judgment before Constandinou, thus rendering Constandinou a junior creditor (*see* CPLR 3218, 5203), does not on the record before us compel the conclusion that plaintiff and defendant attempted to "hinder" or "delay" him in a fraudulent manner (Debtor and Creditor Law § 276). Present— Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.