■ In the Matter of the Arbitration between STANTEC CONSULTING GROUP, Formerly Known as THE SEAR-BROWN GROUP, Appellant, and FONDA-FULTONVILLE CENTRAL SCHOOL DISTRICT, Respondent. [827 NYS2d 762]—

Crew III, J. Appeal from an order of the Supreme Court (Catena, J.), entered June 12, 2006 in Montgomery County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

The parties entered into a contract in 1997 whereby petitioner was to provide architectural services to respondent in connection with the construction of an elementary school. Following

---

the issuance of a certificate of substantial completion in 2002, respondent began experiencing problems with the walls and floors of the new school. While various experts, including petitioner, were attempting to determine the cause of the defects, it became apparent that the applicable limitations period in which to seek arbitration was fast approaching. Consequently, the parties executed a written agreement that tolled the limitations period in exchange for which each party agreed to forego arbitration. The agreement was terminable by either party upon 30 days' written notice.

In December 2005, respondent served written notice of its intent to terminate the tolling agreement and, on January 20, 2006, respondent served a demand for arbitration. Petitioner then commenced this CPLR article 75 proceeding seeking a permanent stay of arbitration upon the ground that the tolling agreement was void and the demand for arbitration was thus time barred. Supreme Court denied petitioner's request, prompting this appeal.

Petitioner contends that the validity of the tolling agreement at issue is governed by General Obligations Law § 17-103 (1), and because the agreement here extended the limitations period to an indefinite date in the future, it is void (see Bayridge Air Rights v Blitman Constr. Corp., 80 NY2d 777, 779-780 [1992]). We disagree. General Obligations Law § 17-103 (1), by its express terms, applies to tolling agreements relating to actions arising out of a contract, express or implied. While the demand for arbitration here states a claim for breach of contract, it likewise clearly seeks relief for petitioner's professional malpractice.

We have long recognized that a professional's duty of care to a client arises from its professional relationship to the client and is extraneous to a contract, although perhaps connected thereto and dependent upon it (see Robinson Redevelopment Co. v Anderson, 155 AD2d 755, 757 [1989]). Indeed, in 1996 the Legislature amended CPLR 214 (6) to provide that "an action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort" is subject to a three-year statute of limitations. The purpose of said amendment was to overrule certain decisions holding that the six-year contract statute of limitations governed in such cases (see Revised Assembly Mem in Support, Bill Jacket, L 1996, ch 623).

Here, the gravamen of respondent's claim has to do with petitioner's ordinary professional obligations as an architect and arises not out of the contract but, rather, out of petitioner's

duty of care by reason of its professional relationship to respondent (*see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542 [2004]). Accordingly, the provisions of General Obligations Law § 17-103 (1) do not apply to the tolling agreement, said agreement effectively tolled the applicable statute of limitations and petitioner's application for a stay was properly denied.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.