Kaplan v Kaplan (2019 NY Slip Op 05650)





Kaplan v Kaplan


2019 NY Slip Op 05650


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-00216
2018-08461
 (Index Nos. 33759/15, 305358/16)

[*1]Ronald P. Kaplan, respondent,
v
Steven R. Kaplan, appellant. (Matter No. 1) Ronald P. Kaplan, respondent, Steven R. Kaplan, et al., appellants, et al., defendants. (Matter No. 2)


Ronald V. De Caprio, Garnerville, NY, for appellants.
The Terkell Law Firm, P.C., New City, NY (Joseph I. Terkell of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to enforce a confession of judgment, the defendants Steven R. Kaplan, Ellen F. Kaplan, 144 Ramapo Road Corporation, 397 Smith Ridge Road, LLC, 31 Tobey Road, Ltd., and Fisher & Kaplan Holding Corp. appeal from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated October 20, 2017, and the defendant Steven R. Kaplan appeals from an order of the same court (Paul I. Marx, J.), dated June 11, 2018. The order dated October 20, 2017, insofar as appealed from, denied that branch of the motion of the defendant Steven R. Kaplan which was to vacate a judgment by confession dated August 7, 2015, and granted that branch of the plaintiff's cross motion for sanctions against the defendant Steven R. Kaplan. The order dated June 11, 2018, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 5225(a) to direct the defendant Steven R. Kaplan to turn over to the plaintiff certain stock certificates and other "indicia of ownership" in certain business entities.
ORDERED that the appeal by the defendants Ellen F. Kaplan, 144 Ramapo Road Corporation, 397 Smith Ridge Road, LLC, 31 Tobey Road, Ltd., and Fisher & Kaplan Holding Corp. is dismissed, as those defendants are not aggrieved by the portion of the order dated October 20, 2017, appealed from; and it is further,
ORDERED that the order dated October 20, 2017, is affirmed insofar as appealed from by the defendant Steven R. Kaplan; and it is further,
ORDERED that the order dated June 11, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
These appeals involve a loan made by the plaintiff judgment creditor, Ronald P. Kaplan, to the defendant judgment debtor, Steven R. Kaplan (hereinafter the defendant). In 2004, the plaintiff loaned $300,000 to the defendant, to be repaid with 10% interest within one year. In 2005, the parties entered into a two-year extension of the $300,000 loan, at 10% interest.
Nearly six years after the due date of the 2005 note, the parties entered into an agreement dated August 19, 2013 (hereinafter the agreement), by which, inter alia, the defendant agreed to repay a negotiated amount in settlement of the full debt, within two years. As of 2013, the principal remaining balance on the note was $150,000. In the agreement, the defendant acknowledged that the principal amount due was $150,000 plus $57,000 in interest, which would amount to a total of $207,000 "as of August 1, 2015." Paragraph 3 of the agreement provided, as relevant: "[The plaintiff] acknowledges and agrees that if [the defendant] pays . . . on or before August 1, 2015, the sum of $150,000 plus interest thereon at the rate of five (5) percent per annum from August 1, 2011 through the date of payment . . . then [the plaintiff] will accept such payment in full satisfaction of the Debt." The agreement provided that upon the execution thereof, the defendant was to execute an affidavit of confession of judgment, "in the form annexed" thereto. The agreement set forth that if the defendant were to make the payment of $150,000 plus interest by August 1, 2015, "the Affidavit of Confession of Judgment [was to] be deemed null and void."
Paragraph 6(h) of the agreement provided that the defendant was to pay the amount owing, as "per paragraph 3," from the net proceeds of the sale of three named parcels of real property, which were owned by the defendant and/or companies in which he was an owner. The agreement provided that in the event that the total net sale proceeds were "insufficient to pay the full amount owing, . . . payment of less than the entire amount owing [would] not be a default of [the] agreement." The agreement contained a provision by which the defendant waived "any and all defenses he may have, whether now or hereafter," with respect to the note. The agreement also contained a merger clause.
On August 17, 2013, two days before the date of execution of the agreement, the defendant executed an affidavit of confession of judgment, acknowledging that he was indebted to the plaintiff in the sum of $207,000, "as described in a certain Settlement Agreement executed as of August 17, 2013," "less any and all sums paid . . . after the date" of the affidavit of confession of judgment.
After the defendant's failure to remit payment prior to expiration of the forbearance date set forth in the agreement, which was August 1, 2015, the plaintiff filed with the Supreme Court the affidavit of confession of judgment, his own affidavit attesting to the relevant facts, and a copy of the agreement. The court issued a judgment by confession dated August 7, 2015.
Approximately one year later, the defendant moved, inter alia, to vacate the judgment. The plaintiff opposed the motion and cross-moved for an order awarding him attorney's fees and sanctions.
By order dated October 20, 2017, the Supreme Court, as relevant here, denied that branch of the motion which was to vacate the judgment and granted, in part, the cross motion for sanctions. Subsequently, the plaintiff moved, inter alia, pursuant to CPLR 5225(a) to direct the defendant to turn over certain stock certificates pertaining to his ownership interest in several entities. The court granted that relief, in part, in an order dated June 11, 2018. The defendant appeals from both orders.
We agree with the Supreme Court's determination denying that branch of the defendant's motion which was to vacate the judgment. Contrary to the defendant's contention, the agreement empowered the plaintiff to enter the judgment of confession on or after August 1, 2015, upon the defendant's default in repaying the loan. "Where the terms of an agreement are unambiguous, interpretation is a question of law for the court" (G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d 37, 40 [citation omitted]; see Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447). "A contract should be read as a whole, with every part interpreted with [*2]reference to the whole; if possible, the contract will be interpreted so as to give effect to its general purpose" (Grandfeld II, LLC v Kohl's Dept. Stores, Inc., 163 AD3d 782, 784; see Beal Sav. Bank v Sommer, 8 NY3d 318, 324; Excess Ins. Co. Ltd. v Factory Mut. Ins. Co., 3 NY3d 577, 582). An agreement "should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases" (Bailey v Fish & Neave, 8 NY3d 523, 528; see Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358).
Here, the purpose of the agreement, read as a whole, was to afford the defendant an additional two years to repay the loan and to forgive a portion of the accrued interest, in consideration for allowing the plaintiff to file the affidavit of confession of judgment upon a default at the expiration of that time period. Therefore, we agree with the Supreme Court's determination that the agreement authorized the plaintiff to file the affidavit of confession of judgment, upon nonpayment of the loan by August 1, 2015 (see IndyMac Venture, LLC v Amus, 164 AD3d 883, 885-886; Grandfeld II, LLC v Kohl's Dept. Stores, Inc., 163 AD3d at 784). Further, the affidavit of confession of judgment complied with the requirements set forth in CPLR 3218 (see Eurofactors Intl., Inc. v Jacobowitz, 21 AD3d 443, 445; see also Spires v Mihou, 273 AD2d 844, 844).
Contrary to the defendant's further contention, the agreement did not impermissibly extend the limitations period (see General Obligations Law §§ 17-101, 17-103[1]; cf. Bayridge Air Rights, Inc. v Blitman Constr. Corp., 80 NY2d 777, 779-780).
The defendant set forth no other viable ground to vacate the judgment. Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was to vacate the judgment.
The Supreme Court did not improvidently exercise its discretion in awarding to the plaintiff attorney's fees as a sanction based upon the defendant's frivolous conduct (see 22 NYCRR § 130-1.1). Moreover, contrary to the defendant's contention, the plaintiff's cross motion for sanctions was timely made (see CPLR 2215).
We agree with the determination of the Supreme Court granting that branch of the plaintiff's motion which was pursuant to CPLR 5225(a) to direct the defendant to turn over to the plaintiff certain stock certificates and other "indicia of ownership" in certain business entities of which the defendant is an owner. The court properly determined that the stock certificates and "indicia of ownership" constituted personal property in the "possession or custody" of the defendant in which he had an interest (CPLR 5225[a]).
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court