■ In the Matter of the Estate of DAVID RADUS, Deceased. JOSEPH N. FRIEDMAN, Respondent; THOMAS KEENAN et al., Appellants.

The record reveals that within the last two years of his life, the decedent, who died at the age of 88, withdrew a total of $147,603.48 from five savings accounts, and delivered that sum to the appellants, with whom he resided for approximately 11 years prior to his death. The appellants contended that the decedent gave them the money as a gift. At the nonjury trial of this matter, the petitioner executor introduced the deposition of Barbara Keenan, one of the appellants, to establish her possession of the funds in question. Questions thereafter posed to Keenan at the trial concerning her relationship with the decedent were objected to by the petitioner and each objection was sustained by the court.

We agree with the appellants that the Surrogate erroneously excluded the trial testimony of Barbara Keenan. The petitioner waived the protection of CPLR 4519, the Dead Man's Statute, by introducing the deposition of Keenan in which she testified to each of the five transactions in issue.

"It was long ago settled that when the executor questions his adversary as to all or part of a personal transaction with the decedent, he has 'opened the door' as to that transaction and otherwise incompetent testimony is admissible to fully explain the personal transaction in issue. (See, e.g., *Cole v Sweet,* 187 NY 488; *Nay v Curley,* 113 NY 575.) The purpose of this rule is to place the parties, insofar as is practical in light of the policy embodied in the statute, in relatively equivalent positions vis-à-vis the same transaction. This prevents the unfair use of the statute as a sword rather than a shield" *(Matter of Wood,* 52 NY2d 139, 145). By introducing the deposition of Barbara Keenan in which she testified that she received money from the decedent following each of his withdrawals from his savings accounts, the petitioner opened the door to the otherwise incompetent testimony of Keenan at trial *(see,* CPLR 4519; *Matter of Wood, supra; see also, Matter of Sylvesteri,* 57 AD2d 558).

In light of the foregoing, we do not reach the appellants' remaining contentions. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.