■ THOMAS L. COPELAND et al., Appellants, v TOWN OF

AMBOY et al., Respondents.—Order unanimously affirmed without costs. Memorandum: A motion to set aside a verdict of no cause of action as being against the weight of the evidence should not be granted "unless the preponderance of the evidence in favor of the plaintiff is so great that the verdict could not have been reached upon any fair interpretation of the evidence" *(Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608). To do otherwise would usurp the jury's responsibility *(see, Nicastro v Park,* 113 AD2d 129, 133). The court's denial of the motion in this case was proper.

Similarly without merit is plaintiffs' argument that a new trial was required because of juror misconduct. In support of the motion, plaintiffs presented the affidavit of the only juror who had voted to find defendants negligent. This juror averred that the jury discussed the case throughout the trial, contrary to the court's instructions, and that at least one juror had given his opinion, prior to submission of the case to the panel, that plaintiff Thomas Copeland was negligent.

"[A] juror is not competent to impeach his verdict which has been made and returned into court" (Richardson, Evidence § 407 [Prince 10th ed]; Siegel, NY Prac § 401; *see also, Alford v Sventek,* 53 NY2d 743, 744; *Lundgren v McColgin,* 96 AD2d 706, 707). There are certain limited exceptions to this rule, none of which apply to the facts in this case *(see, People v Huntley,* 87 AD2d 488, 492, *affd* 59 NY2d 868; *Mercurio v Dunlop, Ltd.,* 77 AD2d 647; *Payne v Burke,* 236 App Div 527, 528). Nothing in the affidavit of the juror offered by plaintiffs indicates that any juror had any preexisting bias against plaintiffs or that the suggestion by one juror that it looked like the accident was Mr. Copeland's fault was based upon anything other than the evidence presented at trial. Plaintiffs' motion was " 'based on little more than speculation as to the possibility of prejudice' * * * thus, the court's denial of the motion without a hearing was a proper exercise of discretion" *(People v Rhodes,* 92 AD2d 744, 745, quoting *Snediker v County of Orange,* 58 NY2d 647, 649).

We have reviewed plaintiffs' remaining argument and find it without merit. (Appeal from order of Supreme Court, Oswego County, Donovan, J.—set aside verdict.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.