■ S & H Building Material Corp., Appellant, v Benny Riven et al., Respondents.—In an action to recover damages on a contract guarantee, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Hand, J.), entered December 15, 1989, which denied its motion for summary judgment, and (2) as limited by its brief, from so much of an order of the same court, entered February 8, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered December 15, 1989, is dismissed, as that order was superseded by the order entered February 8, 1990, made upon reargument, and it is further,

Ordered that the order entered February 8, 1990, is reversed insofar as appealed from, on the law, the order entered December 15, 1989, is vacated, the plaintiff's motion for sum-

mary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in favor of the plaintiff and against the defendants in the principal sum of $13,362.55 plus interest of 18% as provided for in the parties' agreement, and attorneys' fees of 25% of the amount owed, and it is further,

Ordered that the plaintiff is awarded one bill of costs.

On August 1, 1988, the defendants, as principals of Maytal Construction Corp. (hereinafter Maytal), entered into an agreement with the plaintiff. At that time Maytal was the general contractor for a project involving the construction of a condominium project in Oakdale, New York, and the owner of the project was Oakdale 36 Unit Corp. (hereinafter Oakdale). The plaintiff agreed to provide Maytal with building materials, including roofing and siding. By paragraph 6 of the agreement, the defendants assumed personal liability, as guarantors, for payment of all amounts, owing to the plaintiff by Maytal. Paragraph 2 of the agreement provided that any claims by Maytal against the plaintiff had to be made in writing within five days after the date of purchase. Additionally, the invoices that accompanied all deliveries contained a clause stating that "if the materials delivered do not conform to the description of this invoice [Maytal was] required to notify [the plaintiff] within 48 hours thereof in writing". The invoices also provided that, in the event of Maytal's failure to notify the plaintiff of any weight or number discrepancy, or of any breach of warranty, "it would be conclusive that the materials delivered [were] in conformity with descriptions and warranties". At no time did either Maytal or the defendants notify the plaintiff of any misdelivery.

Between August 2, 1988, and October 5, 1988, Maytal received materials from the plaintiff worth $13,362.55. Maytal failed to make payment, and, after a written demand for same, the plaintiff, on or about March 20, 1989, commenced the instant action seeking enforcement of the contract guarantee against the defendants. The defendants, in their answer dated June 20, 1989, admitted that they signed the agreement, received the materials and failed to pay for them. However, the defendants contended, for the first time in their answer, that some of the materials delivered were defective.

On or about July 24, 1989, the plaintiff moved for summary judgment. Annexed to its papers were invoices which showed that Maytal had ordered certain materials and returned them. The plaintiff had accepted those materials as returned mer-

chandise, and had given Maytal a credit. The court denied the motion for summary judgment and, upon reargument, adhered to the original determination. We grant the plaintiff's motion.

That this action was part of a chain of litigation involving Maytal, Oakdale and others, was not a proper basis for denying the motion. Furthermore, the plaintiff's motion papers were sufficient to establish its entitlement to summary judgment. It is well settled that an opponent of a summary judgment motion must "avoid mere conclusory allegations and come forward to lay bare his proof" (Siegel, NY Prac § 281, at 410 [2d ed]). As the Court of Appeals observed in *Ehrlich v American Moninger Greenhouse Mfg. Corp.* (26 NY2d 255, 259), " '[b]ald conclusory assertions, even if believable, are not enough' " *(see also, Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264; *Henri-Lynn Realty v Huang,* 159 AD2d 486, 487; *First N. Mortgagee Corp. v Yatrakis,* 154 AD2d 433, 434). The record at bar reveals that the defendants' responsive papers contained bald, conclusory allegations supported only by an attorney's affidavit, itself valueless since it was not made from personal knowledge *(see, Zuckerman v City of New York,* 49 NY2d 557, 563). Moreover, even assuming that the plaintiff delivered materials that were defective, the defendant did not furnish the plaintiffs any notice in writing until they served their answer, some eight and one-half months after the last delivery of materials. In view of the notice provisions of the agreement and the invoices, this was hardly timely notice of rejection or revocation of acceptance *(see,* UCC 2-602, 2-607 [3]; 2-608 [2]; *Bowlin's Inc. v Ramsey Oil Co.,* 99 NM 644, 662 P2d 661, 667-668; 1 White & Summers, Uniform Commercial Code, §§ 8-3, 8-4 [3d ed]; *see also, Tabor v Logan,* 114 AD2d 894, 895). In light of the above, we do not reach the plaintiff's remaining contention. Kunzeman, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.