■ RIDGELINE CONSTRUCTORS, INC., Respondent, v ELMIRA GLASS TECHNOLOGY CORPORATION et al., Appellants.—Mahoney, J. Appeal from an order of the Supreme Court (Crew III, J.), entered February 19, 1991 in Chemung County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendant Dorothy M. Demyan (hereinafter Demyan) is the owner of certain improved real property in the Village of Elmira Heights, Chemung County. In December 1986, she apparently leased the property and the building located thereon (or otherwise gave a license to use the premises) to her newly formed corporation, defendant Elmira Technology Corporation (hereinafter ETC).[1] Shortly thereafter, Demyan's husband, defendant Joseph Demyan (hereinafter defendant),

1. ETC was organized in December 1986. Demyan is the president and vice-president; her nephew John Tokar is the secretary and treasurer. ETC is a successor in interest of defendant Elmira Glass Technology Corporation,

acting as agent for ETC, entered into negotiations with plaintiff regarding renovation of the building. According to plaintiff, in January 1987 the parties orally agreed that plaintiff would act as general contractor for the renovation and would be compensated therefor on a time and materials basis. Defendants vehemently deny the existence of an oral agreement. During January 1987, minor structural repairs were immediately effected but work was not yet seriously under way. In February 1987, at defendant's request, plaintiff prepared a cost estimate for the project (hereinafter the February proposal). According to plaintiff, the February proposal, which recited $208,000 as the total cost, was prepared simply as an accommodation to defendant who claimed to need a written estimate as part of his application for a construction loan; it was not intended to alter the time and materials payment arrangement originally agreed upon by the parties.

Thereafter, work began in earnest. Upon submission of invoices delineating the cost of time and materials plus an added percentage for overhead and profit, ETC promptly remitted payment. By April 1987, ETC had paid more than $40,000 to plaintiff for services rendered. In April 1987, defendant evidently became aware that ETC would qualify for a larger construction loan than originally anticipated. It is claimed that he asked plaintiff to prepare another written cost proposal in the amount of $250,000 to aid him in this endeavor. Plaintiff complied, setting forth the proposal on its standard contract offer form (hereinafter the April proposal). According to plaintiff this writing likewise was prepared solely as an accommodation and was not intended to supersede the payment terms of the oral agreement, a proposition hotly contested by defendants. Unlike the February proposal, however, defendant executed this document in the same manner as required to effect formal acceptance of the offer. The document was apparently not delivered to plaintiff and plaintiff was otherwise unaware of the purported acceptance.

While unclear from the record, work on the project apparently continued without change. Inasmuch as additional work had been requested since the project began, by July 1987

of which defendant Joseph Demyan (hereinafter defendant) was the apparent incorporator, officer and principal force. By his own admission, the latter corporation was dissolved and the new one formed, at least in part, to switch ownership from defendant to Demyan. While defendant denies that he is an officer, director or shareholder in ETC, he characterizes his role in that company as that of "consultant" to Demyan. In reality, he appears to exert significant control over the corporation.

defendant initiated discussions regarding the final cost. In response, plaintiff submitted an estimate of costs in the amount of $569,600 (i.e., $208,600 for general construction plus $361,000 combined costs for electrical and mechanical subcontracting work), an amount to which defendant apparently did not object at the time. In August 1987, ETC fell behind in the payment of submitted invoices and plaintiff ceased operations. Nonpayment was apparently attributed to ETC's lack of available funds. Nonetheless, according to plaintiff's president, he was convinced to resume operations by defendant's oral representations that additional financing had been obtained and that ETC would make good on the back invoices. Work was completed in October 1987. As of that date, billings totaled $517,000. ETC paid a total of $242,000, leaving a $275,000 shortfall.

A dispute then arose between the parties regarding this amount. Plaintiff claimed that it was entitled to the money pursuant to the original oral agreement; defendants countered that the April proposal was a binding contract and they had already paid in excess of that amount. Plaintiff filed a mechanic's lien against the property and ultimately commenced the instant action against ETC, defendant, Demyan and Elmira Glass Technology Corporation asserting claims sounding in breach of contract, unjust enrichment and two causes of action for actual fraud.[2] The first two claims were asserted against all defendants, the latter two only against defendant. Following joinder of issue and the completion of discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Defendants appeal.

Even assuming, arguendo, that defendants' submissions are sufficient to satisfy their initial burden of proof on a motion for summary judgment (CPLR 3212 [b]), as noted by Supreme Court there are a plethora of factual issues which preclude granting that relief. In view of the sharp conflict in testimony among the deponents, it cannot seriously be contended that the issues of whether an oral agreement existed and whether the April proposal was intended by the parties to be an enforceable contract can be resolved as a matter of law. Indeed, defendants' bald assertion that the April proposal was a validly executed contract embodying the full and final

2. The fraud claims are predicated upon defendant's allegedly false representations to plaintiff that the sole and exclusive use of the April proposal was for defendant's assistance in procuring a construction loan and his August 1987 misrepresentation that ETC had obtained additional financing to pay the then-past due invoices.

agreement is to be questioned in view of the fact that ETC made time and materials payments to plaintiff prior to the execution of the purported contract and the fact that ETC willingly paid plaintiff an amount in excess of the $250,000 contract price.

With respect to the unjust enrichment claim, because recovery is dependent upon how the contract claim is resolved, it is likewise not capable of disposition on a summary judgment motion. In this regard, we reject as overly formalistic defendants' arguments regarding the sufficiency of this claim. Even if the April proposal is determined to be the only enforceable agreement between the parties, to the extent that plaintiff can establish that the benefit conferred upon defendants exceeded $250,000 in value, it may well be able to recover the excess under an unjust enrichment theory (cf., Parsa v State of New York, 64 NY2d 143, 148). Finally, with regard to the fraud claims, as Supreme Court delineated in its decision, the parties' testimony again reveals material issues of fact regarding the representations made by defendant and the intent with which they were made.

In our view, however, Supreme Court erred in denying Demyan's motion for summary judgment dismissing the breach of contract claim interposed against her individually. It is well established that individual officers or directors are not personally liable on contracts entered into on behalf of a corporation if they do not purport to bind themselves individually (see, Gottehrer v Viet-Hoa Co., 170 AD2d 648). Here, it is clear that Demyan was not involved in and did not negotiate any of the asserted agreements at issue. The matter was handled exclusively by defendant, who, according to Demyan was authorized to act on behalf of the corporation. Accordingly, the fact that Demyan owned the building, while a sufficient predicate for the imposition of an unjust enrichment claim, cannot be a basis for imposing contractual liability absent a piercing of the corporate veil (see, supra). Because plaintiff does not seek to impose liability upon Demyan under that theory, and there is no evidence in the record from which it can be established that the corporation was being operated in such a manner as to justify disregarding the corporate form herein, the individual claim against Demyan must be dismissed.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Dorothy M. Demyan's motion for summary judgment dismissing

the first cause of action against her individually; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.