LEONARD HERSH, Appellant-Respondent, et al., Plaintiff, v EDWARD J. PRZYDATEK, Respondent-Appellant. (Action No. 1.) LEONARD HERSH, Appellant, et al., Plaintiff, v COUNTY OF HERKIMER, Respondent. (Action No. 2.) (Appeal No. 1.) [730 NYS2d 916] —Appeal and cross appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Herkimer County, Kirk, J.—Set Aside Verdict.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.

LEONARD HERSH, Respondent, et al., Plaintiff, v EDWARD J. PRZYDATEK, Appellant. (Action No. 1.) LEONARD HERSH et al., Plaintiffs, v COUNTY OF HERKIMER, Respondent. (Action No. 2.) (Appeal No. 2.) [730 NYS2d 916] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for future medical expenses only unless plaintiff Leonard Hersh, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future medical expenses to $1,733,439, in which event the judgment is modified accordingly and as

modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced these consolidated negligence actions after Leonard Hersh (plaintiff) was injured in an automobile accident. Plaintiff's vehicle collided head-on with a vehicle driven by defendant Edward J. Przydatek on a road maintained by defendant County of Herkimer (County). The verdict finding no negligence on the part of the County is not against the weight of the evidence. The jury's finding that Burt Road was in a reasonably safe condition on the night of the accident is based upon a fair interpretation of the evidence (*see generally, Gailey Co. v Wahl,* 262 AD2d 985). The contention that the jurors were subject to improper outside influence when they were given a cake and had a photograph taken of them during juror appreciation week is not preserved for our review (*see,* CPLR 5501 [a] [3]). In any event, there was no evidence that the allegedly improper outside influence had any impact on the jury or prejudiced any party (*see, Alford v Sventek,* 53 NY2d 743, 744-745; *see also, Snediker v County of Orange,* 58 NY2d 647, 649). The contention concerning the possibility of prejudice is based solely on speculation (*see, Copeland v Town of Amboy,* 152 AD2d 911, 912).

We conclude that the court did not abuse its discretion in denying the County's motion to preclude the testimony of certain expert witnesses. There was no evidence of intentional or willful failure to disclose the testimony of those witnesses, the testimony offered no surprises, and there was no prejudice. to defendants (*see, Peck v Tired Iron Transp.,* 209 AD2d 979). Finally, we agree with Przydatek that the award of damages for future medical expenses is based in part on speculation (*see, Strangio v New York Power Auth.* [appeal No. 2], 275 AD2d 945, 946; *Lloyd v Russo,* 273 AD2d 359, 360). Plaintiffs' expert economist testified that the cost of future medical care for plaintiff was $1,733,439, and the record does not support an amount greater than that. Thus, we modify the judgment by vacating the award of damages for future medical expenses, and we grant a new trial on damages for future medical expenses only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future medical expenses to $1,733,439, in which event the judgment is modified accordingly and as modified affirmed. (Appeal from Judgment of Supreme Court, Herkimer County, Kirk, J.—Negligence.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.