■ NANCY CHASE, Respondent, v KARL V. MULLINGS et al., Appellants, and STANLEY H. LEVINSON, Respondent. [737 NYS2d 621] —Judgment, Supreme Court, Bronx County (Richard Tolchin, J.), entered January 18, 2001, upon a jury verdict in favor of plaintiff and against defendants Karl V. Mullings and the New York City Transit Authority, in the total amount of $196,631.66, unanimously affirmed, without costs.

Although defendants-appellants maintain that the verdict was against the weight of the evidence insofar as it imposed no liability upon defendant Levinson, it was the jury's prerogative to credit the testimony indicating that the Transit Authority bus operated by defendant Mullings swerved into the lane where defendant Levinson's vehicle was traveling just prior to the collision of the two vehicles resulting in the injury to plaintiff, a passenger on the Transit Authority bus. This duly credited testimony enabled the jury to conclude fairly that Levinson was not responsible for the collision and the ensuing harm to plaintiff and, accordingly, the verdict exonerating Levinson was not against the weight of the evidence (see, Mazariegos v New York City Tr. Auth., 230 AD2d 608). Appellants' argument, advanced for the first time on appeal, that the trial court erred in redacting a statement made by Mullings in a report of the subject accident is unpreserved (see, Martelly v New York City Health & Hosps. Corp., 276 AD2d 373, 374). Were we to reach it, we would, in any event, find it unavailing inasmuch as the admission of Mullings' statements from the accident report, even if not constituting error (see, Galanek v New York City Tr. Auth., 53 AD2d 586), would have been merely cumulative given Mullings' extensive trial testimony. Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.