In the Matter of the Estate of Rose Lamparelli, Deceased. Rocco Lamparelli, as Executor of Rose Lamparelli,

Deceased, Respondent; Debra Laughlin, Appellant. [776 NYS2d 665]—

Appeal from an amended judgment of the Surrogate's Court, Erie County (Joseph S. Mattina, S.), entered March 12, 2003 in a proceeding pursuant to SCPA 2103. The amended judgment was entered in favor of petitioner after a hearing.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and a new hearing is granted.

Memorandum: Petitioner commenced this proceeding pursuant to SCPA 2103 seeking discovery and delivery of the proceeds of a bank account and other property allegedly belonging to Rose Lamparelli (decedent) at the time of her death. Respondent submitted an answer denying possession of the property, and a hearing was held before a referee. At that hearing, petitioner established that respondent came into possession of the life savings of decedent approximately five years before her death. Petitioner further established that respondent cashed a check made payable to decedent. We therefore conclude that petitioner met his burden of establishing that respondent was in possession of property belonging to the estate of decedent (*see Matter of Rabinowitz*, 5 Misc 2d 803, 804 [1957]; *see also Matter of Buckler*, 227 App Div 146, 147 [1929]; *Matter of Kuster*, 12 Misc 2d 239, 244 [1956]).

We agree with respondent, however, that a new hearing is warranted because Surrogate's Court erroneously precluded the testimony of respondent. By introducing the deposition testimony of respondent in which she testified that she received money from decedent following a withdrawal from decedent's savings account, petitioner waived the protection of the Dead Man's Statute (*see* CPLR 4519) and opened the door to the otherwise incompetent testimony of respondent at the hearing (*see Matter of Radus*, 140 AD2d 348, 349 [1988]; *see also Nay v*

*Curley*, 113 NY 575, 579 [1889]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4519:6 [c]; *compare Matter of Wood*, 52 NY2d 139 [1981]). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.