■ CLIFFSTAR CORPORATION, Respondent, v CAPE COD BIOLAB CORPORATION, Appellant. [829 NYS2d 779]—

Appeal from an order of the Supreme Court, Chautauqua County (Paula A. Feroleto, J.), entered May 17, 2006. The order granted plaintiff's motion for summary judgment and awarded judgment in favor of plaintiff and against defendant in the amount of $57,000, together with interest, costs and disbursements.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action seeking damages based on defendant's failure to pay for cranberry concentrate sold by plaintiff to defendant. Supreme Court properly granted plaintiff's motion for summary judgment. Plaintiff met its initial burden by establishing the contract price of the concentrate and that the concentrate was delivered to defendant. Contrary to the contention of defendant, it failed to raise an issue of fact whether a prior course of dealing or usage of trade altered the contract price pursuant to UCC 1-205. The affidavits of defendant's president did not "explain[ ]" or "supplement[ ]" the unambiguous contract price but, rather, they impermissibly contradicted it (UCC 2-202 [a]; *see Division of Triple T. Serv. v Mobil Oil Corp.*, 60 Misc 2d 720, 731-732 [1969], *affd* 34 AD2d 618 [1970], *lv denied* 26 NY2d 614 [1970]; *see also* UCC 1-205 [4]; 2-208 [2]). Defendant failed to preserve for our review its contention that it is entitled to modification of the contract pursuant to UCC 2-615 and 2-616 because plaintiff delayed shipment of the concentrate (*see generally Tufano v Morris*, 286 AD2d 531, 533 [2001]).

Also contrary to the contentions of defendant, it failed to establish that it timely rejected or timely revoked its acceptance of the concentrate and thus failed to defeat plaintiff's entitlement to summary judgment on those grounds. With respect to rejection, "only one inference may be drawn as to the reasonableness of the time in which defendant [purportedly] rejected the [concentrate]" (*Tabor v Logan*, 114 AD2d 894, 894 [1985]; *see New York City Off-Track Betting Corp. v Safe Factory Outlet, Inc.*, 28 AD3d 175, 178 [2006]), and we thus conclude that the court properly determined as a matter of law that defendant's purported rejection of the concentrate, approximately one year

after delivery and approximately five months after plaintiff commenced this action, did not occur within a reasonable period of time (*see* UCC 2-602 [1]; 2-606 [1] [b]; *see generally S & H Bldg. Material Corp. v Riven*, 176 AD2d 715, 717 [1991]).

The court also properly determined that defendant did not timely revoke its acceptance of the concentrate. Pursuant to UCC 2-608 (1), a "buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." Here, defendant has not alleged that it accepted the concentrate "on the reasonable assumption that its non-conformity would be cured and [that] it has not been seasonably cured," nor has defendant alleged that its acceptance "was reasonably induced either by the difficulty of discovery before acceptance or by [plaintiff's] assurances" (*id.*). In any event, defendant failed to raise an issue of fact whether the purported revocation of acceptance occurred "within a reasonable time after [defendant] discover[ed] or should have discovered the ground for it" (UCC 2-608 [2]; *see Sears, Roebuck & Co. v Galloway*, 195 AD2d 825, 827 [1993]; *see generally S & H Bldg. Material Corp.*, 176 AD2d at 717; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides*, 80 AD2d 781 [1981], *appeal dismissed* 53 NY2d 1028 [1981], 54 NY2d 641 [1981]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.