█ BCI CONSTRUCTION, INC., Appellant, v DANIEL J. WHELAN, Respondent. [888 NYS2d 272]—

Stein, J. Appeal from an order of the Supreme Court (Williams, J.), entered June 4, 2008 in Saratoga County, which granted defendant's motion to dismiss the complaint.

Plaintiff, as contractor on a project, subcontracted with Halfmoon Constructors, LLC for certain work required for the project. Defendant signed the contract as owner of Halfmoon Constructors, LLC. After a dispute arose regarding the performance of the work, defendant filed a notice of lien, as president

of Halfmoon Constructors, Inc.,* against the property where the project was undertaken. Plaintiff commenced this action against defendant seeking damages in the amount of its costs in completing the work allegedly not performed pursuant to the subcontract between plaintiff and Halfmoon Constructors, LLC. Defendant moved to dismiss the complaint or, in the alternative, to stay the action and compel arbitration as required by the subcontract. Supreme Court granted defendant's motion to dismiss, prompting this appeal by plaintiff.

We affirm. According to the well settled general rule, "individual officers or directors are not personally liable on contracts entered into on behalf of a corporation if they do not purport to bind themselves individually" (*Ridgeline Constructors v Elmira Glass Tech. Corp.*, 183 AD2d 1041, 1044 [1992]; *see Panasuk v Viola Park Realty, LLC*, 41 AD3d 804, 805 [2007]). Here, it is undisputed that defendant never agreed to be personally liable on the subcontract. However, it is also well established that an agent who acts on behalf of a nonexistent principal may be held personally liable on the contract (*see Clinton Invs. Co., II v Watkins*, 146 AD2d 861, 862-863 [1989]). Plaintiff's allegations in this case that Halfmoon Construction, LLC was not a duly organized limited liability company are not supported by the record (*cf. id.*). While the written terms of the subcontract mistakenly identified Halfmoon Construction, LLC as Halfmoon Constructors, LLC, there is no allegation that plaintiff was misled or prejudiced by the misnomer. Under these circumstances, we perceive "no basis for subjecting [defendant] to personal liability based on the slight variance between the name on the contract and that of the 'real' entity" (*Quebecor World [USA], Inc. v Harsha Assoc., L.L.C.*, 455 F Supp 2d 236, 242 [2006]).

Plaintiff's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Peters, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* Plaintiff ultimately discovered that neither Halfmoon Constructors, LLC nor Halfmoon Constructors, Inc. were registered with the Department of State. However, articles of incorporation were filed with the Department of State for an entity named Halfmoon Construction, LLC.