# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**190**
**CA 10-01282**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

J.N.K. MACHINE CORPORATION, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

TBW, LTD., WOOLSCHLAGER INC. AND
BERNARD C. WOOLSCHLAGER, DEFENDANTS-APPELLANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered November 19, 2009 in a breach of
contract action. The order, among other things, granted in part
plaintiff's amended motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the amended
motion for partial summary judgment concerning defendants' use of the
computer inventory program and as modified the order is affirmed
without costs.

Memorandum: Plaintiff commenced this breach of contract action
seeking damages based on defendants' failure to pay for goods sold by
plaintiff to defendants. Plaintiff and defendants entered into a
written contract providing, inter alia, that defendants would purchase
the entire inventories of the two stores owned by plaintiff for
$650,000. Supreme Court granted in part plaintiff's amended motion
for partial summary judgment on the first two causes of action, for
breach of contract against defendant TBW, Ltd. and defendants,
respectively. We agree with defendants at the outset that the court
erred in determining that the goods at issue were a single "commercial
unit" and thus that defendant had accepted the goods pursuant to UCC
2-606 (2). The automobile and truck parts comprising the inventories
of the two stores did not constitute "a single whole for purposes of
sale and division of which materially impairs its character or value
on the market" (UCC 2-105 [6]).

We nevertheless conclude that the court properly granted that
part of plaintiff's amended motion for partial summary judgment on the
issue whether defendant had accepted the goods. Plaintiff established
that defendants failed to reject the goods in a timely manner, thus

they accepted the goods pursuant to UCC 2-606 (1) (b), and defendants did not raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer[s] seasonably notif[y] the seller" (UCC 2-602 [1]). "Generally, what is a timely rejection is a question of fact for the jury . . . However, as in the instant case, when only one inference may be drawn as to the reasonableness of the time in which defendant[s] rejected the goods, it becomes a question of law" (*Tabor v Logan*, 114 AD2d 894, 894). Here, the record establishes that defendants did not attempt to reject the goods until approximately five months after taking possession of them, and we therefore conclude as a matter of law that defendants' attempted rejection did not occur within a reasonable time period (*see* UCC 2-602 [1]; 2-606 [1] [b]; *Cliffstar Corp. v Cape Cod Biolab Corp.*, 37 AD3d 1073, 1074-1075).

We agree with defendants that the court erred in granting that part of plaintiff's amended motion for partial summary judgment on the issue concerning defendants' use of the computer inventory program owned by plaintiff, and we therefore modify the order accordingly. There is a triable issue of fact whether the written contract was supplemented by an oral agreement allowing defendants to use plaintiff's computer inventory program (*see generally Zuckerman*, 49 NY2d at 562). Plaintiff failed to establish that the written contract was "a complete and exclusive statement of the terms of the agreement" (UCC 2-202 [b]; *see generally Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599-600), and thus the written contract may be "explained or supplemented . . . by evidence of consistent additional terms," including evidence of a contemporaneous oral agreement (UCC 2-202 [b]; *see generally Tambe Elec., Inc. v Home Depot U.S.A., Inc.*, 49 AD3d 1161). Defendants submitted evidence establishing that plaintiff orally agreed to allow them to use the computer inventory program for as long as was needed, and that oral agreement does not "contradict or negate a term of the writing" (*Hunt Foods & Indus. v Doliner*, 26 AD2d 41, 43; *see* UCC 2-202).

Contrary to the further contention of defendants, the court properly refused to consider parol evidence concerning the purchase price or quantity of goods at issue. The contract unambiguously provided that defendant was purchasing the entire inventory of plaintiff's stores for a specific price, and the deposition testimony and affidavits relied upon by defendants in opposition to the amended motion do "not 'explain[ ]' or 'supplement[ ]' the unambiguous contract [terms] but, rather, they impermissibly contradicted [those terms]" (*Cliffstar Corp.*, 37 AD3d at 1074, quoting UCC 2-202).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court