# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**890**

**CA 12-00304**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

J.N.K. MACHINE CORPORATION,
PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

TBW, LTD., WOOLSCHLAGER INC., AND BERNARD C.
WOOLSCHLAGER, DEFENDANTS-APPELLANTS.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

DAMON MOREY LLP, BUFFALO (RICHARD F. GIOIA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered October 25, 2011. The order denied the
motion of defendants for leave to serve an amended answer and
counterclaim.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendants' motion
seeking leave to amend their answer to include additional allegations
in their counterclaim for the breach of an agreement allowing
defendants to use plaintiff's inventory computer program. The court
previously issued an order granting in part an amended motion by
plaintiff for partial summary judgment, and we modified the order by
denying the amended motion "on the issue concerning defendants' use of
the computer inventory program owned by plaintiff," determining that
there was a triable issue of fact whether the parties' written
contract was supplemented by an oral agreement concerning defendants'
use of the computer inventory program (*J.N.K. Mach. Corp. v TBW, Ltd.*,
81 AD3d 1438, 1440). "Although leave to amend should be freely
granted, it is properly denied where the proposed amendment is lacking
in merit" (*Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8
AD3d 1000, 1001; *see Christiano v Chiarenza*, 1 AD3d 1039, 1040).
Here, the proposed amendment improperly sought relief that was
inconsistent with this Court's decision in the prior appeal. "Our
prior decision in [a] case is the law of the case until modified or
reversed by a higher court, and the trial court is bound by our
decision" (*Senf v Staubitz*, 11 AD3d 997, 997 [internal quotation marks

omitted]).

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court