# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1060
CA 13-00705
PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

LAURA HARDEN, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

JAMES W. FAULK, M.D., DEFENDANT-RESPONDENT.

---

CAMPBELL & SHELTON LLP, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFF-APPELLANT.

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered July 11, 2012. The judgment dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action against the physician who initially treated her ankle fracture. Following a trial, the jury determined that defendant was not negligent and did not reach the remaining issues. Plaintiff made a posttrial motion pursuant to CPLR 4404 (a) seeking to set aside the verdict, and Supreme Court denied the motion. Thereafter, the court entered a judgment, dismissing the complaint upon the jury verdict of no cause of action. Plaintiff appeals, and we affirm.

Even assuming, arguendo, that the court erred in allowing defendant to amend his bill of particulars or in permitting a defense expert to testify on an alternative theory of causation, we conclude that any such errors were harmless inasmuch as they related to only those issues that the jury did not reach (*see Martin v Triborough Bridge & Tunnel Auth.*, 73 AD3d 481, 483, *lv denied* 15 NY3d 713; *Gilbert v Luvin*, 286 AD2d 600, 600). Contrary to plaintiff's contention, we conclude that the "error in judgment" charge was appropriate here. "[E]ach party's expert[s] testified to acceptable methods of diagnosing and treating" plaintiff's initial and subsequent fractures (*Petko v Ghoorah*, 178 AD2d 1013, 1014).

Plaintiff also contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, and thus that the court erred in denying her posttrial motion to set aside the verdict. Plaintiff failed to preserve for our review her

contention that the evidence is legally insufficient inasmuch as she did not move on that ground (*see Tomaszewski v Seewaldt* [appeal No. 1], 11 AD3d 995, 995).  Additionally, contrary to plaintiff's contention, the court did not err in denying the posttrial motion on the ground that the verdict is against the weight of the evidence. "[T]he preponderance of the evidence in favor of plaintiff is not so great that the verdict could not have been reached upon any fair interpretation of the evidence, nor is the verdict [finding that defendant was not negligent] palpably wrong or irrational" (*Kettles v City of Rochester*, 21 AD3d 1424, 1425; *see Kubala v Suddaby*, 32 AD3d 1227, 1227; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Winiarski v Harris* [appeal No. 2], 78 AD3d 1556, 1557; *Harris v Parwez*, 13 AD3d 675, 675-676).

Plaintiff further contends that the verdict should be set aside in the interests of justice because plaintiff was denied a fair trial by judicial error, juror misconduct and misconduct of counsel. Specifically, plaintiff asserts that she was prejudiced by a comment made by a juror, who was later discharged, to other jury members suggesting that plaintiff was receiving Medicare benefits and thereby suggesting that plaintiff was attempting to receive a double recovery. That contention is "based solely on speculation" (*Hersh v Przydatek* [appeal No. 2], 286 AD2d 984, 985; *see also Copeland v Town of Amboy*, 152 AD2d 911, 912) and, in any event, "the jury is presumed to have followed the court's curative instruction" to disregard any comments made by the juror who was discharged (*Topczij v Clark*, 28 AD3d 1139, 1140).  We also reject the contention of plaintiff that the question posed by defendant's attorney regarding her disability status prior to the alleged medical malpractice deprived plaintiff of a fair trial (*see generally Clemons v Vanderpool*, 289 AD2d 1078, 1079).  That question was not so prejudicial as to deprive plaintiff of a fair trial (*see Guthrie v Overmyer*, 19 AD3d 1169, 1171).

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court