# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1290**
**CA 15-00908**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

J.N.K. MACHINE CORPORATION, PLAINTIFF,

V                                                   MEMORANDUM AND ORDER

TBW, LTD., WOOLSCHLAGER, INC., AND BERNARD C.
WOOLSCHLAGER, DEFENDANTS.
------------------------------------------------------
TBW, LTD., WOOLSCHLAGER, INC., AND BERNARD C.
WOOLSCHLAGER, THIRD-PARTY PLAINTIFFS-APPELLANTS,

V

PAMELA LODESTRO, AS EXECUTOR OF THE ESTATE OF
G. MARV SCHUVER, THIRD-PARTY DEFENDANT,
AND BART SCHUVER, THIRD-PARTY DEFENDANT-RESPONDENT.

---

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF
COUNSEL), FOR THIRD-PARTY PLAINTIFFS-APPELLANTS.

FESSENDEN, LAUMER & DEANGELO, JAMESTOWN (CHARLES S. DEANGELO OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered September 16, 2014. The order granted the motion of third-party defendant Bart Schuver to dismiss the third-party complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this breach of contract action, defendants-third-party plaintiffs (defendants) appeal from an order that granted the motion of third-party defendant Bart Schuver to dismiss the third-party complaint against him. We affirm. In a prior appeal, we affirmed an order denying defendants' motion seeking leave to amend their answer to include additional allegations in their counterclaim, concluding that the proposed amendment "improperly sought relief that was inconsistent with this Court's decision in the prior appeal" (*J.N.K. Mach. Corp. v TBW, Ltd.*, 98 AD3d 1259, 1260). Inasmuch as the allegations and relief sought in the third-party complaint are substantially the same as the allegations and relief sought in defendants' proposed amended answer, we agree with Schuver that the third-party complaint also improperly seeks relief inconsistent with this Court's decision in the prior appeal. In any event, because the

allegations in the third-party complaint allege that Schuver was acting as an agent for plaintiff, a disclosed principal, and there is no clear and explicit evidence of any intention by Schuver to " 'superadd his personal liability for, or to, that of [plaintiff]' " (*Salzman Sign Co. v Beck*, 10 NY2d 63, 67; *see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4-6; *Jones v Archibald*, 45 AD2d 532, 534), the third-party complaint also was properly dismissed for failure to state a cause of action against Schuver (*see* CPLR 3211 [a] [7]).

Entered:  December 31, 2015                     Frances E. Cafarell
                                                Clerk of the Court