Appeal from a judgment of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered August 23, 2016. The judgment, among other things, awarded plaintiff J.N.K. Machine Corporation damages as against defendants/third-party plaintiffs.
 

 It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting that part of the posttrial motion to set aside the verdict against defendant/ third-party plaintiff Bernard C. Woolschlager and dismissing the complaint against him, and as modified the judgment is affirmed without costs.
 

 Memorandum: In this breach of contract action, defendants/ third-party plaintiffs, TBW, LTD., Woolschlager, Inc., and Bernard C. Woolschlager (defendants), appeal from a judgment entered upon a jury verdict finding that they were liable for the breach of a contract between plaintiff and “TBW, INC.” Although Woolschlager had executed that contract as president of TBW, INC., it is undisputed that such a corporation did not exist. Rather, Woolschlager was the president of TBW, LTD., a corporation whose name changed to Woolschlager, Inc. in 2001.
 

 The instant action was commenced in 2007, and the parties have appeared before this Court in three prior appeals (J.N.K. Mach. Corp. v TBW, Ltd., 134 AD3d 1515 [4th Dept 2015]; J.N.K. Mach. Corp. v TBW, Ltd., 98 AD3d 1259 [4th Dept 2012]; J.N.K. Mach. Corp. v TBW, Ltd., 81 AD3d 1438 [4th Dept 2011]). None of the prior appeals is relevant to the instant appeal from the final judgment.
 

 In January 2014, and before our decision in the third appeal, the note of issue and statement of readiness was filed. Two years later, defendants filed a CPLR 3211 motion to dismiss the complaint against Woolschlager, contending that he could not be individually liable for any alleged breach of the corporation’s contract with plaintiff because he had signed the agreement as the president of “TBW, LTD.” Plaintiff opposed the motion, contending that it was an untimely CPLR 3212 motion and that Woolschlager could be individually liable because he signed the agreement “as President of TBW, LTD.” and, at the time the agreement between plaintiff and “TBW, LTD.” was executed, “TBW, LTD.” did not exist. We note that the record establishes that TBW, LTD. was dissolved in 1995 for failure to pay taxes and fees, but that dissolution was annulled in June 2001, i.e., several years before the agreement was executed. In its opposition to defendants’ motion, plaintiff did not contend that Woolschlager could be individually liable because “TBW, INC.” was a nonexistent corporation. Supreme Court denied the motion.
 

 Thereafter, during and immediately following trial, defendants repeatedly sought to have the action against Woolschlager dismissed by making a motion for a directed verdict, and a posttrial motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, to set aside the verdict. Even assuming, arguendo, that the court properly denied the CPLR 3211 motion, the motion for a directed verdict and that part of the posttrial motion for a JNOV, we nevertheless agree with defendants that the court erred in denying that part of the posttrial motion to set aside the verdict against Woolschlager.
 

 “According to the well settled general rule, ‘individual officers or directors are not personally liable on contracts entered into on behalf of a corporation if they do not purport to bind themselves individually’ . . . However, it is also well established that an agent who acts on behalf of a nonexistent principal may be held personally liable on the contract” (BCI Constr., Inc. v Whelan, 67 AD3d 1102, 1103 [3d Dept 2009]; see Production Resource Group L.L.C. v Zanker, 112 AD3d 444, 444-445 [1st Dept 2013]; Metro Kitchenworks Sales, LLC v Continental Cabinets, LLC, 31 AD3d 722, 723 [2d Dept 2006]). “The rule [was] designed to protect a party who enters into a contract where the other signatory represents that he is signing on behalf of a business entity that in fact does not exist, under any name . . . [Thus,] ‘as long as the identity of the corporation can be reasonably established from the evidence [,] . . . [an e]rror in the use of the corporate name will not be permitted to frustrate the intent which the name was meant to convey’... In such a situation, . . . there is no need or basis to impose personal liability on the person who signed the contract as agent for the entity” (Quebecor World [USA], Inc. v Harsha Assoc., L.L.C., 455 F Supp 2d 236, 242-243 [WD NY 2006]). “Accordingly, absent an allegation that, at the time of the contract, a plaintiff was under an actual misapprehension that there was some other, unincorporated group with virtually the same name as that of the actual business entity, ‘the [c]ourt will not permit the [plaintiff] to capitalize on [a] technical naming error in contravention of the parties’ evident intentions’ ” (id. at 242; see BCI Constr., Inc., 67 AD3d at 1103; cf. Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94, 96 [2d Dept 1991]).
 

 Thus, courts have determined that the individual who signed the contract may be liable where there was no existing corporation under any name because, under those circumstances, the plaintiff has “no remedy except against the individuals who acted as agents of those purported corporations” (Animazing Entertainment, Inc. v Louis Lofredo Assoc., Inc., 88 F Supp 2d 265, 271 [SD NY 2000]). Where, as here, there was an existing corporation and merely a misnomer in the name of the corporation, courts have declined to impose liability on the individual who signed the contract because the plaintiff has a remedy against the existing, albeit misnamed, corporation (see BCI Constr., Inc., 67 AD3d at 1103; Quebecor World [USA], Inc., 455 F Supp 2d at 241-243).
 

 Here, we conclude that no one was under an actual misapprehension that there was an entity with the name TBW, INC. It is clear that plaintiff was well aware that the contract was with Woolschlager, Inc. (as renamed from TBW, LTD.) because, one month after the agreement was executed, plaintiff’s own attorney stated that the contract was between plaintiff and “Woolschlager, Inc.,” and the bill of sale for a transaction that occurred pursuant to the contract states that plaintiff sold various items to Woolschlager, Inc. Moreover, under the circumstances of this case, we conclude that it would be inconsistent to determine that TBW, LTD ./Woolschlager, Inc. can be liable on a contract between TBW, INC. and plaintiff while, at the same time, determining that Woolschlager could be individually liable for that same contract on the ground that TBW, INC. did not exist.
 

 Contrary to plaintiff’s contention, the evidence at trial does not establish that Woolschlager intended to be individually liable under the contract. All documents generated in relation to the agreement were addressed to corporate responsibility and liability. The fact that Woolschlager provided some of the funds for the initial payment is not enough to establish that he intended to be individually liable for the agreement. Moreover, his failure to sign any note or mortgage related to his personal assets establishes that he did not intend to have any personal liability on the contract (cf. Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta., 30 AD2d 952, 952 [1st Dept 1968]). We therefore modify the judgment by granting that part of the posttrial motion to set aside the verdict with respect to Woolschlager and dismissing the complaint against him.
 

 Based on our determination, we do not address defendants’ remaining contentions concerning Woolschlager’s individual liability.
 

 Contrary to defendants’ further contentions, the court properly denied their motion pursuant to CPLR 3126 to strike the complaint inasmuch as defendants did not file a motion to compel discovery pursuant to CPLR 3124 (see Double Fortune Prop. Invs. Corp. v Gordon, 55 AD3d 406, 407 [1st Dept 2008]), did not file an affirmation pursuant to 22 NYCRR 202.7 (a), and did not establish that any failure to disclose was a willful failure that would justify striking a pleading or precluding plaintiff from offering evidence in opposition to defendants’ defenses and counterclaim (cf. Kihl v Pfeffer, 94 NY2d 118, 123 [1999]; Hill v Oberoi, 13 AD3d 1095, 1096 [4th Dept 2004]). Plaintiff alleged that the additional documents sought by defendants had been destroyed in a fire, and defendants failed to refute that allegation. As plaintiff correctly contends, a party cannot be compelled to produce documents that no longer exist and should not be punished for failing to do so (see Mary Imogene Bassett Hosp. v Cannon Design, Inc., 97 AD3d 1030, 1032 [3d Dept 2012]; Euro-Central Corp. v Dalsimer, Inc., 22 AD3d 793, 794 [2d Dept 2005]).
 

 Defendants further contend that evidentiary errors at trial warrant reversal of the judgment. To the extent that defendants’ various contentions are preserved for our review, we conclude that they either lack merit or constitute harmless error. At trial, the court redacted Exhibit N on the ground that it contained evidence of settlement negotiations in violation of CPLR 4547. Inasmuch as defendants offered Exhibit N “subject to whatever redactions [the court] want[ed] to make” and failed to object to any of those redactions, we conclude that defendants failed to preserve for our review and, indeed, waived their contention that the exhibit was improperly redacted (see Spath v Storybook Child Care, Inc., 137 AD3d 1736, 1738 [4th Dept 2016]; Chase v Mullings, 291 AD2d 330, 330 [1st Dept 2002]). With respect to Exhibit O, defendants erroneously contend that the exhibit was precluded under CPLR 4547. In actuality, the court properly precluded the admission in evidence of that exhibit on the ground that it was a letter authored by someone who had no personal knowledge of the allegations or events discussed therein (see Reynolds v Towne Corp., 132 AD2d 952, 953 [4th Dept 1987], lv denied 70 NY2d 613 [1987]). Even if we were to agree with defendants that the exhibit was improperly precluded, we would conclude that “any error [is] harmless since the precluded [exhibit] was cumulative of evidence already before the jury” (Sweeney v Peterson, 24 AD3d 984, 985 [3d Dept 2005]; see Mohamed v Cellino & Barnes, 300 AD2d 1116, 1116 [4th Dept 2002], lv denied 99 NY2d 510 [2003]).
 

 Before trial, the court made a “conditional ruling” to preclude certain testimony about conversations with one of the deceased principals of plaintiff pursuant to the Dead Man’s Statute (see CPLR 4519). Inasmuch as defendants’ attorney “consented to [the court’s] ruling,” defendants failed to preserve for our review their contention that the court erred in making a blanket ruling to preclude such evidence (Stay v Horvath, 177 AD2d 897, 898 [3d Dept 1991]). At trial, the court precluded a witness from answering a question concerning the deceased principal’s reaction to certain complaints made by Woolschlager. Such testimony would normally have been precluded under CPLR 4519. Nevertheless, even assuming, arguendo, that plaintiff opened the door to such testimony by submitting deposition testimony of the deceased principal relating to the subject of those complaints (see Matter of Lamparelli, 6 AD3d 1218, 1219-1220 [4th Dept 2004]; Matter of Radus, 140 AD2d 348, 349 [2d Dept 1988]), we conclude that any error is harmless (see CPLR 2002).
 

 Finally, defendants contend that the court erred in striking the entire testimony of their financial expert concerning the amount of damages for lost profits related to their counterclaim. We conclude that any error in striking that testimony is harmless. The jury found that, although defendants had entered into a separate contract with plaintiff for the use of plaintiff’s computer inventory program, plaintiff had performed its obligations under that contract. Pursuant to the court’s instructions, if the jury were to find that plaintiff performed its obligations under that separate contract, the jury was not to consider whether defendants were entitled to any damages on their counterclaim for the breach of that separate contract. Where, as here, “an error at trial bears only upon an issue that the jury did not reach, the error is harmless and may not serve as a ground for a new trial” (Gilbert v Luvin, 286 AD2d 600, 600 [1st Dept 2001]; see Harden v Faulk, 111 AD3d 1380, 1380 [4th Dept 2013], amended on other grounds 115 AD3d 1274 [4th Dept 2014], lv denied 23 NY3d 907 [2014]).
 

 Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.