**H.M. v Roman Catholic Diocese of Brooklyn**

2024 NY Slip Op 32867(U)

August 12, 2024

Supreme Court, Kings County

Docket Number: Index No. 512979/2021

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## KINGS COUNTY

PRESENT: **HON. SABRINA B. KRAUS**      PART      **57**

*Justice*

-------------------------------------------------------------------X

H.M.,

            Plaintiff,

ROMAN CATHOLIC DIOCESE OF BROOKLYN; and
BLESSED SACRAMENT ROMAN CATHOLIC CHURCH
n/k/a BLESSED SACRAMENT-ST. SYLVESTER PARISH,
            Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 512979/2021 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002)
were read on this motion to/for        COMPEL

The following e-filed documents, listed by NYSCEF document number (Motion 003)
were read on this motion to/for        PROTECTIVE ORDER

## BACKGROUND

Plaintiff H.M. commenced this action pursuant to the Child Victim's Act (CVA) on or about May 28, 2021, asserting that when plaintiff was a child, he was sexually abused by Father Francis Shannon, a priest of the Roman Catholic Diocese.

## ALLEGED FACTS

The following facts are alleged in the complaint.

In approximately 1991, when plaintiff was approximately twelve (12) years old, he was sexually assaulted and abused by Fr. Shannon. The acts of sexual assault and abuse of plaintiff by

Fr. Shannon occurred on the premises of church, specifically, in the gym and the sacristy.

## PENDING MOTIONS

On June 10, 2024, plaintiff moved for an order:

(1) striking the answer of defendant Roman Catholic Diocese Of Brooklyn for its willful failure to comply with court orders, statutes, and regulations; or, in the alternative,

(2) compelling the defendant to immediately provide full, complete and unredacted discovery, including but not limited to complete and unredacted copies of Father Francis Shannon's secret, personal, and personnel files within 20 days or precluding defendants from asserting any affirmative defenses at trial, including precluding defendants from introducing any evidence or making any argument in support of any affirmative defense;

(3) for such other and further relief as to this Court deems just, necessary, and proper.

On June 28, 2024, defendant Roman Catholic Diocese of Brooklyn cross moved for an order:

a) Pursuant to CPLR 3103, granting a protective order to prevent the disclosure of certain documents that have been redacted on the basis of various protections and privileges including the First Amendment, subsequent remedial measure/corrective measures, attorney work product, CPLR 4503, HIPPA, ADA, 4505, confidential personal information and relevancy;

b) Enforcing the provisions of the Amended Confidentiality Order and the decision and order promulgating it (together, the "ACO") regarding the non discoverability of information where the disclosure would violate the First Amendment and regarding subsequent remedial measure/corrective measures;

c) Directing that all arguments and proceedings in connection with the plaintiff's pending motion and within cross motion be heard by the Court in camera; and further that any determination made by the Court concerning any such proceedings or testimony be kept confidential from all persons except those specifically authorized and permitted to have knowledge of the Court's determination by Court order; and

d) For such other and further relief as the Court may deem just and proper.

The motions were fully briefed and marked submitted on July 22, 2024, and the Court reserved decision.

[* 2]

## DISCUSSION

Pursuant to CPLR 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order under this article, except a notice to admit under section 3123, the party seeking disclosure may move to compel compliance or a response."

When deciding whether to compel disclosure, the court weighs the relevancy of the documents sought and their availability from other sources against the burden of production (*Cynthia B. v New Rochelle Hosp. Medical Center,* 60 NY2d 452 [1983]). The party compelling production must specify the specific request that is at issue; broad references to the request for production are not sufficient as the court must be able to match the language in the motion to compel to a specific request that has been made (*Deutsche Bank Nat. Trust Co. v Brewton,* 142 AD3d 683 [2016]). Where a party denies being in possession of documents responsive to a request to produce, the party compelling production must present some proof that the documents actually exist and that they are being withheld. (*J.N.K. Machine Corp. v. TBW, Ltd.,* 155 AD3d 1611 [2017]).

If a party disregards an order compelling production pursuant to CPLR 3124, the court has discretion to issue sanctions against the noncompliant party pursuant to CPLR 3126 (§ 63:1. Scope note, 4B N.Y.Prac., Com. Litig. in New York State Courts § 63:1 [5th ed.]). The requesting party may also separately move for sanctions pursuant to CPLR 3126 to address a patten of noncompliance on the part of the recalcitrant party with respect to discovery demands (*Figdor v City of New York,* 33 AD3d 560 [1st Dept 2006]). Sanctions that may be issued pursuant to CPLR 3126 include "an order striking out pleadings or parts thereof, or staying

further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

The discovery rules promote broad "disclosure of all matter material and necessary to the prosecution or defense of an action" (CPLR 3101 [a]). "Pretrial disclosure extends not only to admissible proof but also to testimony or documents which may lead to the disclosure of admissible proof, including material which might be used in cross-examination" (*Polygram Holding, Inc. v Cafaro*, 42 AD3d 339, 341 [1st Dept 2007] [internal quotation marks, citation, and brackets omitted]). "The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Nevertheless, "a party is not entitled to unlimited, uncontrolled, or unfettered disclosure" (*Lombardi v Lombardi*, 190 AD3d 964, 966 [2d Dept 2021], quoting *Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2d Dept 2011]).

> The burden rest(s) with the Archdiocese to demonstrate that the discovery sought (is) improper, including whether plaintiff was seeking protected confidential information (*see Matter of All Plaintiffs in Child Victims Act NYC Litig. v. All Defendants in Child Victims Act NYC Litig.*, 200 A.D.3d 476, 479, 160 N.Y.S.3d 7 [1st Dept. 2021]).

*McNierney v. Archdiocese of New York*, 221 A.D.3d 489, 489 (2023). The Archdiocese has failed to meet its burden.

As held by the First Department in *McNierney*:

> Plaintiff's discovery requests, as the motion court found, were proper insofar as they sought any documents or information, regardless of when created or gathered, that shed light on what the Archdiocese knew or should have known regarding the accused priest's alleged sexual abuse of children both at the time of plaintiff's alleged abuse and prior to such time. The demands were also proper in seeking information about the Archdiocese's response to child abuse claims during that time frame and whether there was a patterned response. The requested discovery was specific and not founded upon hypotheticals, nor could it be characterized as a fishing expedition. Moreover, the requested discovery was permitted by the case management order in place, since plaintiff had demonstrated that documents prepared after the last date of plaintiff's reported sexual abuse were likely to contain material and necessary information as to the claims at issue.

512979/2021 H.M. V ROMAN CATHOLIC ARCHDIOCESE ET AL
MOTION NO.002 & 003 Page 4 of 6

[* 4]

*Id .*

This information is discoverable because it is reasonably calculated to lead to the discovery of admissible evidence, including whether the institution was on notice of the danger of child sex abuse by one of its clergy, whether it acted reasonably to protect children from being sexually abused.

The court finds that the defendant's failure to provide the requested documents however does not rise to the level of requiring sanctions.

Based on the foregoing, the motion and cross motion is granted to the extent of directing the defendant diocese to produce Father Francis Shannon's secret, personal, and personnel files to the court for *in camera* inspection, after which the Court will determine if there is any basis to redact portions of said files prior to disclosure to Plaintiff.

The Diocese of Brooklyn shall produce the documents to the Court for *in camera* review within 20 days of the date of this order and shall otherwise comply with outstanding discovery requests that were the subject of this motion, within 30 days.

WHEREFORE, it is hereby

ORDERED plaintiff's motion is granted to extent directed above; and it is further

ORDERED defendant Diocese of Brooklyn cross-motion is granted to the extent of requiring an *in camera* inspection by the court as directed above; and it is further

ORDERED that, within 20 days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the court.

|  |  |  |  |  |
|---|---|---|---|---|
| **8/12/24** | | | | |
| **DATE** | | | HON. SABRINA KRAUS | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |