■ SOCIÉTÉ GÉNÉRALE, Appellant, v CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., Respondents, et al., Defendant. [767 NYS2d 416]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about April 2, 2002, which, inter alia, granted defendants' cross motion for summary judgment, declaring that there is no coverage under the subject insurance policy for the claims against plaintiff in the underlying action entitled *High Risk Opportunities Hub Fund Ltd. (in Liquidation) v Credit Lyonnais and Société Générale* (Index No. 600229/00), unanimously affirmed, with costs.

The coverage afforded plaintiff under the subject "Bankers' Professional Indemnity Insurance Policy" was clearly and unambiguously limited to losses resulting from claims made during the policy period alleging plaintiff's "wrongful acts" in the performance of "professional services" (*Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980]). Accordingly, the motion court properly declined to consider plaintiff's parol evidence offered to establish that the policy afforded plaintiff "all risks" coverage, and properly concluded that, since the allegations of High Risk against plaintiff in the underlying action did not involve the performance of "professional services rendered for others" as required under the policy, they did not trigger the insurers' obligations under the policy (*see Allstate Ins. Co. v Zuk*, 78 NY2d 41 [1991]). High Risk's complaint alleged plaintiff's failure to pay certain debt obligations involving currency derivative transactions linked to the value of the Russian ruble, in which transactions plaintiff, as principal, was trading on its own account, and not for a third party. No factual issues are raised as to whether the underlying transactions involved the performance of "professional services rendered for others" based on plaintiff's claim that it acted as a "credit intermediary" between High Risk and plaintiff's Russian affiliate, Banque Société Générale Vostok, or that it performed duties incidental to the underlying transactions, such as acting as a valuation and calculation agent.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Williams and Gonzalez, JJ.