■ 1230 PARK ASSOCIATES, LLC, et al., Appellants, v NORTHERN SOURCE, LLC, Respondent. [852 NYS2d 92]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 18, 2007, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment, unanimously reversed, on the law, with costs, and the motion granted, declaring defendant's loans null and void and directing return of the collateral and cancellation of the UCC financing statement, and the matter remanded for further proceedings.

Stanley Soltzer, part owner of plaintiffs, had no authority to enter into the relevant loan transactions with defendant on plaintiffs' behalf. To the contrary, the operating agreements that governed plaintiffs each made clear that plaintiffs' business affairs could be conducted only by a majority vote of their operating managers. Here, there was no majority vote by either plaintiff; indeed, plaintiffs had no knowledge of the loan transactions. Furthermore, Soltzer had no apparent authority to enter into the transactions. Apparent authority must be based on

words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction; an agent cannot, though his own acts, cloak himself with apparent authority (*see Hallock v State of New York*, 64 NY2d 224, 231 [1984]). This rule holds especially true where a party fails to conduct a reasonable inquiry into the scope of the purported agent's authority (*see Ford v Unity Hosp.*, 32 NY2d 464, 472-473 [1973]; *Morgold, Inc. v ACA Galleries*, 283 AD2d 407 [2001]). Here, Soltzer's only authority arose from his own acts. No acts or statements by plaintiffs conferred such authority (*56 E. 87th Units Corp. v Kingsland Group, Inc.*, 30 AD3d 1134 [2006]). To the contrary, the documents upon which defendant solely relied were provided to it by Soltzer, and defendant took no further steps to assure itself that Soltzer had the authority to enter into the loan transactions (*see Fleet Bank v Consola, Ricciteli, Squadere Post No. 17*, 268 AD2d 627, 630 [2000]).

Finally, defendant did not have a valid and enforceable security interest in the collateral, as Soltzer had no authority, apparent or otherwise, to pledge plaintiffs' property as collateral for the loans. Concur—Tom, J.P., Saxe, Friedman, Gonzalez and McGuire, JJ.