■ DECANA INC. et al., Appellants-Respondents, v SPYRO C. CONTOGOURIS et al., Defendants, and NORTH FORK BANK et al., Respondents-Appellants. (And a Third-Party Action.) [865 NYS2d 72]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered October 9, 2007, which granted North Fork Bank's motion for summary judgment to the extent of dismissing the eighth and twelfth causes of action, unanimously modified, on the law, the mortgage issued by North Fork Bank declared valid, summary judgment granted dismissing the ninth, tenth and eleventh causes of action as well, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the action as against North Fork Bank.

The president and sole director of plaintiff Decana was properly found to have actual authority to mortgage corporate property (*see* Business Corporation Law § 911; *Odell v 704 Broadway Condominium*, 284 AD2d 52, 56-57 [2001]). Although a ruling in this respect was unnecessary, we note there was also apparent authority based on a corporate resolution and opinion letter of counsel. Since the real property used as collateral was worth several times the amount of the loan, and was nonrecourse, there was little reason for the lender bank to care about

the personal finances of the president and director, the purpose of the loan or other nonessential matters. Nor did the circumstances give rise to a duty to inquire into the scope of the claimed authority (*see generally 1230 Park Assoc., LLC v Northern Source, LLC*, 48 AD3d 355 [2008]). Dismissal of the cause of action for a declaration required that the court declare in favor of the bank, and we modify accordingly (*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]).

Because the mortgage was valid, the bank was not liable for aiding and abetting breach of fiduciary duty, fraud, conversion or commercial bad faith based on the corporate president and director's obtaining of the loan and mortgage. Any subsequent diversion of the loan proceeds is a separate matter. In any event, plaintiffs failed to show that the bank had actual knowledge of these tortious acts (*see International Strategies Group, Ltd v ABN AMRO Bank N.V.*, 49 AD3d 474 [2008]), and, with respect to commercial bad faith, failed to show its actual participation in unlawful activity (*see Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 276 [1989]).

We have considered plaintiffs' other contentions and find them unavailing. Concur—Lippman, P.J., Gonzalez, Sweeny and DeGrasse, JJ.