■ GRISTEDE'S OPERATING CORP. et al., Appellants, v AXIS SPECIALTY INSURANCE COMPANY, Respondent. [874 NYS2d 454]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered December 19, 2007, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to declare that defendant is not obligated to indemnify plaintiff against any claims made in the underlying class action, and otherwise affirmed, without costs.

While "an insurer's duty to defend and to pay defense costs under liability insurance policies must be construed broadly in favor of the policyholder" (*Federal Ins. Co. v Kozlowski*, 18 AD3d 33, 41 [2005] [citation omitted]), the "existence of the duty is dependent upon whether sufficient facts are stated so as to invoke coverage under the policy" (*American Home Assur. Co. v Port Auth. of N.Y. & N.J.*, 66 AD2d 269, 278 [1979]). The policy here did not cover plaintiff against the claims alleged in the underlying class action, and defendant thus had no duty to advance defense costs (*see Société Générale v Certain Underwriters at Lloyd's, London*, 1 AD3d 164 [2003]). Rejection of plaintiffs' cause of action for a declaration required that the court declare in favor of defendant, and we modify accordingly (*Decana Inc. v Contogouris*, 55 AD3d 325, 326 [2008]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.