■ THE NATIONAL BLACK THEATRE WORKSHOP INCORPORATED, Respondent, v NUBIAN PROPERTIES LLC et al., Respondents-Appellants, and HARLEM APPLE, LLC, Appellant-Respondent. [932 NYS2d 466]—

The motion court correctly found that section 8.8.2 of the operating agreement between plaintiff and Nubian Properties prohibited the latter from subletting to Harlem Apple the portion of the premises it had leased from Nubian Realty, LLC, the company created by the operating agreement for the sole purposes of acquiring, leasing, managing and selling real property (the Company). Nevertheless, plaintiff may not void the sublease, because Nubian Properties, assuming it had no actual authority, had apparent authority to enter into the sublease, and Harlem Apple's reliance on that authority was reasonable (see *Hallock v State of New York*, 64 NY2d 224, 231-232 [1984]; *Goldston v Bandwidth Tech. Corp.*, 52 AD3d 360, 362-363 [2008], *lv denied* 14 NY3d 703 [2010]; *1230 Park Assoc., LLC v Northern Source, LLC*, 48 AD3d 355 [2008]; Limited Liability Company Law § 412 [b] [2]).

Before entering into the sublease, Harlem Apple learned the uncontested facts that Nubian Properties was the general manager of the Company and that the Company was the owner of the subject premises. Harlem Apple also reviewed the overlease between the Company and Nubian Properties, which permitted Nubian Properties to sublease the premises, and received warranties from Nubian Properties, on its own behalf and as general manager of the Company, that either no consents were needed to sublease the premises or that all such consents had been obtained. That Nubian Properties executed the overlease both as lessor, on behalf of the Company, and as lessee, on its own behalf, is not dispositive. It is uncontested that Nubian Properties was the general manager of the Company, with the sole authority to enter into leases on behalf of the

Company. Thus, it was the only entity with the authority to execute the overlease as both lessor and lessee. Nor, contrary to plaintiff's contention, should the overlease have put Harlem Apple on notice that further inquiry was required. Nubian Properties appeared to be carrying on the normal business of the Company, as its general manager, with respect to the leasing of property, and had warranted on behalf of itself and the Company that it had the authority to sublease these premises. Harlem Apple was not required to review the operating agreement before it could reasonably rely on Nubian Properties' authority (*see Federal Ins. Co. v Diamond Kamvakis & Co.*, 144 AD2d 42, 46-47 [1989], *lv denied* 74 NY2d 604 [1989]).

Moreover, in the time preceding the execution of the sublease, Nubian Properties communicated to plaintiff its intention to sublease the premises to Harlem Apple, including by providing plaintiff with a copy of a draft of the sublease. Yet plaintiff made no effort to disabuse Harlem Apple of its understanding that Nubian Properties had the authority to enter into the sublease (*see Coopers & Lybrand v Arol Dev. Corp.*, 210 AD2d 181, 182 [1994], *lv denied* 85 NY2d 804 [1995]; *Merrell-Benco Agency, LLC v HSBC Bank USA*, 20 AD3d 605, 608 [2005], *lv dismissed and denied* 6 NY3d 742 [2005]).

In view of the foregoing, Harlem Apple is entitled to summary judgment on its cross claims for breach of contract and indemnification under the sublease. It is uncontested that, before terminating the lease, and although there was no temporary restraining order in effect, Nubian Properties and the Company continued to deny Harlem Apple access to the premises, despite Harlem Apple's satisfaction of all conditions precedent, which Nubian Properties conceded.

The parties appear to concede that the court improperly dismissed the Company as a defendant. In any event, the record supports the conclusion, and no party argues to the contrary, that Harlem Apple satisfied the provisions of CPLR 305, 1003 and 3019 (b) and (d), entitling it to bring the Company into the action as a defendant for the purpose of asserting its cross claims against the Company. Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Acosta, JJ. **[Prior Case History: 2009 NY Slip Op 31588(U).]**