Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 14, 2012, which, to the extent appealed from, upon reargument, adhered to the original determination granting defendant William Zanker’s motion for summary judgment dismissing the complaint as against him, and vacated the original determination granting plaintiff’s motion for summary judgment against defendant LA Expo, LLC, unanimously modified, on the law, to reinstate the grant of summary judgment against LA Expo, LLC, and otherwise affirmed, without costs.
For approximately one and a half years, starting in the fall of 2006, plaintiff or its predecessor sent proposals to “Learning Annex”; nonparty Mark Cummings verbally approved the proposals; plaintiff or its predecessor performed the work and sent invoices to “Learning Annex”; Cummings approved the invoices; and plaintiff or its predecessor was paid, often in the form of checks from LA Expo, LLC. In the instant action, plaintiff seeks to recover on its last few invoices, which were not paid. “Learning Annex” is not a legal entity; it is merely a trade name.
LA Expo, LLC, which was dissolved well after plaintiff finished providing the services for which it seeks payment, was owned by nonparty Learning Annex, LLC. In April 2009, Learning Annex, LLC changed its name to Benson Acquisition, LLC. In a portion of the order that has not been appealed from, the court granted summary judgment to plaintiff against Benson. Zanker is Benson’s president and was the president of Learning Annex, LLC, and LA Expo, LLC.
Claiming that “Learning Annex” was a well known trade name used by Zanker, plaintiff seeks to recover against Zanker *445 personally. It may not do so. An individual who acts on behalf of a nonexistent corporation can be held personally liable (see e.g. Bay Ridge Lbr. Co. v Groenendaal, 175 AD2d 94, 96 [2d Dept 1991]; Tarolli Lbr. Co. v Andreassi, 59 AD2d 1011, 1012 [4th Dept 1977]). However, Zanker did not interact with plaintiff; Cummings did.
Plaintiff contends that Cummings was Zanker’s agent. However, Cummings’s claim that he was Zanker’s authorized representative cannot be used to prove the fact of agency (see Moore v Leaseway Transp. Corp., 65 AD2d 697, 698 [1st Dept 1978], affd 49 NY2d 720 [1980]; see also Gryphon Dom. VI, LLC v APP Intl. Fin. Co., B.V., 18 AD3d 286, 287 [1st Dept 2005]).
Nor did Cummings have apparent authority (see Ford v Unity Hosp., 32 NY2d 464, 473 [1973]; Greene v Hellman, 51 NY2d 197, 204 [1980]; 1230 Park Assoc., LLC v Northern Source, LLC, 48 AD3d 355 [1st Dept 2008]). There was no conduct by Zanker toward plaintiff that clothed Cummings with apparent authority; indeed, plaintiff did not interact at all with Zanker.
In the motion court, defendants took the position that only LA Expo, LLC should be liable to plaintiff. Furthermore, they have not opposed the portion of plaintiffs appeal that seeks to reinstate summary judgment against LA Expo, LLC.
On appeal, plaintiff seeks summary judgment against “Learning Annex.” However, in its motion for reargument, plaintiff did not seek to reargue the portion of the prior order that denied summary judgment against “Learning Annex.” On the contrary, it took the position that no independent judgment need be entered against “Learning Annex” because it was merely a trade name. Concur — Mazzarelli, J.E, Sweeny, DeGrasse, Freedman and Gische, JJ.