■ EASTERN CONSOLIDATED PROPERTIES, INC., Respondent, v WATERBRIDGE CAPITAL LLC et al., Appellants. [52 NYS3d 306]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 29, 2016, which, to the extent appealed from, denied defendants' motion to dismiss the first and second causes of action and granted plaintiff's cross motion for leave to amend the complaint to add Joel Schreiber as a defendant, unanimously affirmed, with costs.

Plaintiff alleges that, after Waterbridge agreed to pay plaintiff a 1% commission in connection with the purchase of a certain property, Waterbridge's chief executive, Joel Schreiber, asked plaintiff to accept a 1/2% commission because another broker also was claiming a commission. Plaintiff agreed and, thereafter, defendant WB Berry Street LLC (WB Berry), allegedly an affiliate of Waterbridge, acquired the property and both defendants refused to pay any commission.

The complaint adequately pleads that defendants breached the agreement to pay plaintiff half of the commission previously agreed upon. Contrary to defendants' arguments, plaintiff is not required to plead or prove that it was a "procuring cause" of the purchase in order to recover on this agreement, which was in the nature of a settlement agreement. Plaintiff's relinquishment of its claim for a full commission provides adequate consideration for the agreement, even if its claim was doubtful or would ultimately prove to be unenforceable (see Admae Enters. v Smith, 222 AD2d 471, 472 [2d Dept 1995]; Nolfi Masonry Corp. v Lasker-Goldman Corp., 160 AD2d 186, 187 [1st Dept 1990]).

Alternatively, plaintiff stated a valid cause of action to recover its full commission in quantum meruit, in order to prevent unjust enrichment, since it alleges that it performed valuable services in good faith, including providing confidential information concerning the property to Waterbridge, that the services were rendered with an expectation of compensation, and that they were accepted by defendants (see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770, 772 [2d Dept 2013], lv denied 21 NY3d 855 [2013]; Curtis Props. Corp.

*v Greif Cos.*, 212 AD2d 259, 266 [1st Dept 1995]; *see also SPRE Realty, Ltd. v Dienst*, 119 AD3d 93, 97-98 [1st Dept 2014]). The dispute over the validity of the oral settlement agreement allows plaintiff to plead this cause of action in the alternative (*Winick Realty Group LLC v Austin & Assoc.*, 51 AD3d 408 [1st Dept 2008]).

Supreme Court properly granted plaintiff's cross motion to add Schreiber as a party defendant. As a member of Waterbridge, Schreiber could not be held personally liable for an agreement made on Waterbridge's behalf (*Matias v Mondo Props. LLC*, 43 AD3d 367, 367 [1st Dept 2007]; *see also* Limited Liability Company Law §§ 609, 610). However, at the time of the oral agreement, WB Berry was not yet formed. To the extent that Schreiber acted on WB Berry's behalf before its formation, he is presumed personally liable as an agent of the nonexistent corporate principal (*see BCI Constr., Inc. v Whelan*, 67 AD3d 1102, 1103 [3d Dept 2009]; *see also Production Resource Group L.L.C. v Zanker*, 112 AD3d 444, 445 [1st Dept 2013]).

We have considered the remaining arguments and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.