(November 16, 2017)

■ Joseph Aquino, Appellant, v Douglas Elliman Realty, LLC, et al., Respondents, et al., Defendants. [65 NYS3d 130]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about December 22, 2016, which, insofar as appealed from as limited by the briefs, granted the motion of the Douglas Elliman defendants to dismiss the first, fourth and fifth causes of action of the amended complaint, with limited leave to replead the first cause of action, unanimously modified, on the law, to permit plaintiff to replead the fourth and fifth causes of action, and as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 24, 2016, unanimously dismissed, without costs, as superseded by the December 22, 2016 order.

The motion court correctly dismissed the first, fourth and fifth causes of action. The court appropriately determined that the complaint failed to state a breach of contract claim since it

neither alleged an express nor an implied agreement that the parties mutually agreed upon. As such, there were no terms to be breached (*see Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc.*, 29 AD3d 972, 973 [2d Dept 2006]; *see also Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]). Additionally, the court properly dismissed the unjust enrichment claim as it failed to explain why the benefit retained by the Douglas Elliman defendants was unjust (*see Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]), and the quantum meruit claim as it did not establish the reasonable value of the services plaintiff provided to said defendants (*see Freedman v Pearlman*, 271 AD2d 301, 304 [1st Dept 2000]).

However, in addition to the motion court's limited grant of leave to replead the first cause of action, we grant leave to replead the fourth and fifth causes of action (*see* CPLR 3025 [b]; *170 W. Vil. Assoc. v G & E Realty, Inc.*, 56 AD3d 372, 372 [1st Dept 2008] [leave to replead is freely granted absent prejudice or surprise]). At this juncture it cannot be determined, as a matter of law, that plaintiff will be unable to allege the requisite elements of his various causes of action (*see Slabakis v Schik*, 154 AD3d 407 [1st Dept 2017], citing *Davis v Scottish Re Group Ltd.*, 138 AD3d 230, 236, 238 [1st Dept 2016]).

Accordingly, plaintiff has leave to serve an amended complaint repleading the breach of contract claim insofar as it pertains to the commissions that he has not received, but which have now become due and/or accrued, and as to the deductions allegedly taken by Douglas Elliman. Furthermore, plaintiff is granted leave to replead the unjust enrichment and quantum meruit causes of action as Douglas Elliman disputes whether a contract was ever entered into (*see American Tel. & Util. Consultants v Beth Israel Med. Ctr.*, 307 AD2d 834, 835 [1st Dept 2003]; *Kramer v Greene*, 142 AD3d 438, 441-442 [1st Dept 2016]; *Eastern Consol. Props., Inc. v Waterbridge Capital LLC*, 149 AD3d 444, 444-445 [1st Dept 2017]; *Farina v Bastianich*, 116 AD3d 546, 548 [1st Dept 2014]). Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.