Jopal Bronx, LLC v Sayers (2023 NY Slip Op 03545)

Jopal Bronx, LLC v Sayers

2023 NY Slip Op 03545

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 26525/19E Appeal No. 585 Case No. 2022-00062 

[*1]Jopal Bronx, LLC, Doing Business as Workmen's Circle MultiCare Center, Plaintiff-Appellant,
v
Nirvana I. Sayers etc., et al., Defendants-Respondents.

Cassena Care, Woodbury (Angela C. Bellizzi of counsel), for appellant.

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered September 24, 2020, which denied plaintiff's motion for summary judgment on its first and third through seventh causes of action and sua sponte dismissed the complaint in its entirety, unanimously modified, on the law and in the exercise of discretion, to reinstate the complaint, and otherwise affirmed, without costs.
There is no appeal as of right from so much of the order as sua sponte dismissed the complaint (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]). However, given the extraordinary nature of the sua sponte dismissal of the complaint, we deem the notice of appeal from that part of the order a motion for leave to appeal, and grant such leave (see Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]).
Even if we were to consider plaintiff's evidence, which was not in admissible form, there are triable issues of fact as to whether there was an implied contract for the payment of services rendered by plaintiff to defendants' decedent, precluding summary judgment in plaintiff's favor (see generally Miller v Schloss, 218 NY 400, 406-407 [1916]; Kramer v Greene, 142 AD3d 438, 442 [1st Dept 2016]). Issues of fact remain as to, among other things, whether and how plaintiff actually communicated with defendants about paying for the services rendered, and what defendants actually understood their financial arrangement with plaintiff to be.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023