Arel Capital Partners II LLC v JP Morgan Chase Bank, N.A. (2024 NY Slip Op 05477)

Arel Capital Partners II LLC v JP Morgan Chase Bank, N.A.

2024 NY Slip Op 05477

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Friedman, J.P., Mendez, Shulman, Rodriguez, JJ. 

Index No. 160441/22 Appeal No. 2965 Case No. 2023-03819 

[*1]Arel Capital Partners II LLC, Plaintiff-Appellant,
v
JP Morgan Chase Bank, N.A. et al., Defendants-Respondents, HFZ Res Portfolio Holdings LLC, Defendant.

Goldberg Weprin Finkel Goldstein LLP, New York (Kevin J. Nash of counsel), for appellant.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Shira D. Sandler of counsel), for respondents.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered July 12, 2023, which granted defendants JPMorgan Chase Bank, N.A. and JP Morgan Chase Commercial Mortgage Securities Corp.'s (collectively JPM) motion to dismiss the complaint, unanimously affirmed, with costs.
Even if plaintiff Arel Capital Partners II LLC's contractual ties to defendant HFZ Res Portfolio Holdings LLC could somehow make it a creditor of the borrower, HFZ 235 West 75th Street Owner, LLC, Arel's conclusory allegations that the conveyance to JPM was made at a time when HFZ RES was insolvent were insufficient to support its claim under Debtor and Creditor Law § 273 (see Eagle Eye Collection Corp. v Shariff, 190 AD3d 600, 602 [1st Dept 2021]). Further, because the transfer of the refinancing surplus proceeds at issue was made to satisfy a true antecedent debt, it constituted fair consideration (see Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 302-303 [1st Dept 2006]; Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 90-91 [1st Dept 1993]). Nor do Arel's allegations, based on "newly discovered evidence" consisting of an organizational chart and an email from a JPM employee that directed the transfer of the refinancing surplus proceeds, sufficiently allege constructive fraud, based on the absence of specific circumstances giving rise to the duty to inquire into the scope of JPM's claimed authority to effect such transfer (see Decana Inc. v Contogouris, 55 AD3d 325, 326 [1st Dept 2008], lv dismissed 11 NY3d 920 [2009]).
To sufficiently allege a claim under Debtor and Creditor Law § 276, a plaintiff must allege that the conveyance was made with actual intent to hinder, delay, or defraud either present or future creditors (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 528-529 [1st Dept 1999]). Although "badges of fraud" may establish the requisite intent with respect to not just the debtor but also the transferee (see Brennan v 3250 Rawlins Ave. Partners, LLC, 171 AD3d 603, 605 [1st Dept 2019]), JPM's purported knowledge of Arel's asserted right to the refinancing surplus proceeds based on the organizational
chart in which Arel was five entities removed from the actual borrower was insufficient to establish an indicia of fraud that could support a claim of a fraudulent transfer.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024