| |
|---|
| **ZuMedia, Inc. v Fuchs** |
| 2025 NY Slip Op 31206(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650495/2025 |
| Judge: Lyle E. Frank |

| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
|---|
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. LYLE E. FRANK** | **PART** 11M |
| | *Justice* | |

-------------------------------------------------------------------------------X

ZUMEDIA, INC.,

                                  Plaintiff,

- v -

MICHAEL FUCHS, 809 MEADOW LANE LLC,RFR
HOLDING LLC

                                  Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650495/2025 |
| **MOTION DATE** | 02/21/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17

were read on this motion to/for                             DISMISS                  .

        Upon the foregoing documents, defendant's motion is denied.

## Background

        ZuMedia, Inc. ("Plaintiff"), a digital media creation company, alleges that in January of 2024 they entered into a short-term lease for a property on Long Island. The property in question was owned by defendant 809 Meadow Lane ("809") and managed by defendant Michael Fuchs ("Fuchs"). Fuchs is also a co-owner of defendant RFR Holding LLC ("RFR"), a property management company. The property in question is allegedly "offered to the renting public" through RFR. According to Plaintiff, following instructions from 809's broker, they wired the full amount of rent for the three-month lease plus a security deposit to the requested bank account, which has the name of "Michael Fuchs c/o RFR Holdings LLC" and received a confirmation number in return. But in February, when a representative of Plaintiff attempted to recover the keys for the property, they were denied access. Their repeated requests for the return

**650495/2025  ZUMEDIA, INC. vs. FUCHS, MICHAEL ET AL**
**Motion No.  001**

**Page 1 of 5**

1 of 5

of their funds have apparently gone unanswered, and so Plaintiff commenced this underlying proceeding. The present motion to dismiss is brought by RFR.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

The second cause of action pleads unjust enrichment against all defendants, and the third cause of action is for money had and received, as against all defendants. RFR brings this motion

**650495/2025   ZUMEDIA, INC. vs. FUCHS, MICHAEL ET AL**
**Motion No.  001**

**Page 2 of 5**

to dismiss the complaint as to them. They argue that they have no connection to the property at issue, are not a party to the lease, and have never received monies from the Plaintiff. To the extent that RFR argues in their reply memorandum of law that the first cause of action for fraud and the fourth cause of action for breach of contract should be dismissed, these causes of action are not pled against RFR. As the notice of motion seeks to dismiss the complaint as to RFR, causes of action pled solely against other defendants are irrelevant. Plaintiff opposes the motion. For the reasons that follow, the motion is denied.

RFR argues that they cannot be held liable under the lease, as they are not a party to that agreement. But the complaint clearly pleads unjust enrichment and monies had and received claims against RFR, which are quasi-contract claims. And to the extent that RFR argues that the quasi-contract claims are barred by the lease, that argument fails as quasi-contract claims are generally precluded only when there is no dispute as to the underlying contract. *See, e.g., A.N.L.Y.H. Invs. LP v. JDS Principal Highline LLC*, 231 A.D.3d 570, 572 (1st Dept. 2024). Here, the existence and terms of the lease appear to be disputed based on the Answer filed on behalf of Fuchs and 809. Therefore, the quasi-contract claims are not precluded because of the lease.

RFR also argues that the complaint fails to state a claim against them, because they deny having control over the bank account in question and claim to have never received the monies transferred to the account. While this may or may not be so, dismissal of the complaint at this stage for these grounds would be premature. The allegations in the complaint are deemed to be true on a motion to dismiss. *See, e.g., Avgush* at 341. Here, the allegations are that RFR participated in the renting of the property at issue and that their name was on the bank account that the money was wired to, along with Fuchs who is an officer of RFR. Taking these as true,

**650495/2025  ZUMEDIA, INC. vs. FUCHS, MICHAEL ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

the issue then becomes whether a valid claim for unjust enrichment and monies had have been pled in the complaint.

The required showing for a claim of unjust enrichment is that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Kramer v. Greene*, 142 A.D.3d 438, 442 (1st Dept. 2016). Here, Plaintiff has alleged that RFR was enriched via the transfer of the funds to what is ostensibly their bank account, that this was done at Plaintiff's expense, and that it would be inequitable under the circumstances to allow RFR to retain the monies. A valid claim for unjust enrichment as against RFR has been pled.

A claim for monies had and received has the following elements: "(1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from the receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money." *Cordaro v. AdvantageCare Physicians, P.C.*, 208 A.D.3d 1090, 1094 (1st Dept. 2022). Here, Plaintiff has alleged that RFR received the rent and security deposit monies to their benefit, and that it would be inequitable to allow them to keep the money as Plaintiff was never granted access to the property in question. This is sufficient to state a valid claim for monies had and received. Accordingly, it is hereby

ADJUDGED that the motion is denied; and it is further

ORDERED that the moving defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

**650495/2025   ZUMEDIA, INC. vs. FUCHS, MICHAEL ET AL**
**Motion No.  001**

**Page 4 of 5**

20250409150052LFRANK0683270B427545C8BF64C787886AA23D

| 4/9/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650495/2025   ZUMEDIA, INC. vs. FUCHS, MICHAEL ET AL**
**Motion No.  001**