Tapinekis v Pace Univ.
2026 NY Slip Op 03127
May 19, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Elizabeth Tapinekis, Appellant,
v
Pace University, Respondent.

Decided and Entered: May 19, 2026
Index No. 652902/22|Appeal No. 6670|Case No. 2025-00027|
Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Morea Schwartz Bradham Friedman & Brown LLP, New York (Peter B. Katzman of counsel), and Poulin Willey Anastopoulo, LLC, Charleston, SC (AndrÉ R. BÉlanger of the bar of the State of South Carolina, admitted pro hac vice, of counsel), for appellant.
Bond, Schoeneck & King PLLC, Syracuse (Suzanne M. Messer and Sabrina Salama of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered November 29, 2024, which granted defendant's motion for leave to reargue and, upon reargument, granted defendant's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
The court providently exercised its discretion in granting defendant's motion to reargue, and upon reargument, granting defendant's motion for summary judgment (see CPLR 2221; William P. Phal Equip. Corp. v Kassis, 182 AD2d 22, 27 [1st Dept 1992], lv denied in part, dismissed in part, 80 NY2d 1005 [1992]). The court acknowledged that it did not address or discuss Goldberg v Pace Univ. (88 F4th 204 [2d Cir 2023]), a case that involved the same defendant and addressed the same contract provisions and legal arguments involved in this action. The Goldberg case was decided after defendant's motion had been fully submitted but before the court issued its decision and order.
Upon reargument, the court properly determined that the "Emergency Closings" provision bars plaintiff's breach of contract claim (see Goldberg, 88 F4th at 210-211, citing Rynasko v New York Univ., 63 F4th 186, 200 [2d Cir 2023]). The "Emergency Closings" provision allocated the risk of loss to students in the event of unforeseen, emergency circumstances outside of defendant's control, including the pandemic. Thus, the provision, as found by the Goldberg court as well, constituted an enforceable force majeure clause that precluded plaintiff's contract and quasi-contract claims (see Goldberg, 88 F4th at 210-211; cf. Rynasko, 63 F4th at 200).
The unjust enrichment claim was also properly dismissed as duplicative of plaintiff's breach of contract claim, as the parties do not dispute that an implied contract existed between plaintiff and defendant, even if they disagree about its terms (see Kramer v Greene, 142 AD3d 438, 441-442 [1st Dept 2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2026